MRS. IRVING POLITZER *v.* JEFFREY, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 10—decided May 1, 1947

*Benjamin M. Chapnick,* for the appellant (plaintiff in error).

*Robert J. Woodruff,* for the appellee (defendant in error).

PER CURIAM. This is an appeal from the dismissal

of a writ of error in a summary process action. The case was tried to a jury which rendered a verdict for the defendant in error, to which we shall hereinafter refer as the landlord. In the course of the trial the plaintiff in error, hereinafter called the tenant, offered. evidence that before the institution of the summary process action the landlord had begun an action against her in the Superior Court seeking damages on the ground that she had failed to execute a lease of the premises in question, and she claimed that this constituted an election of remedies which would debar the landlord from prosecuting the summary process action. The sole claim of error presented upon the record is that the trial court failed to instruct the jury to bring in a verdict in her favor upon that ground.

The doctrine of election applies only as between rights or remedies which are inconsistent. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 479, 196 A. 344; *Wm. W. Bierce, Ltd.* v. *Hutchins,* 205 U.S. 340, 346, 27 S. Ct. 524, 51 L. Ed. 828; 18 Am. Jur. 129, § 3. Taking judicial notice of the file of the action in the Superior Court, we find that the complaint alleges prior occupancy of the premises in question by the tenant under a month-to-month lease, negotiations and an oral agreement for a five-year lease, to be submitted in written form by the landlord, refusal of the tenant to execute such a lease when offered to her, and continued occupancy by the tenant, with a claim by the landlord for damages by reason of the conduct of the tenant. There is no inconsistency between the claim of the landlord in one action for damages based upon the refusal of the tenant to execute the lease, which would have given her a right to continue to occupy the premises, and her wrongful

conduct in not surrendering them, and the landlord's claim in the summary process action that it is entitled to possession. Were it not for the restricted nature of the issues in summary process, the landlord might have claimed in that action both possession and the damages it is seeking in the Superior Court. See *Webb* v. *Ambler,* 125 Conn. 543, 551, 7 A.2d 228. The questions whether an oral agreement for a five-year lease had been made by the parties and, if so, whether that gave the tenant a right of occupancy upon the basis of a lease from year to year might, it is true, be presented in either action; but that fact does not result in putting the landlord to an election. See *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 614, 174 A. 169. There was no such election resulting from the institution of the action in the Superior Court as would prevent the landlord from pursuing the present proceeding, and the justice of the peace before whom the case was tried rightly refused to direct a verdict for the tenant.

There is no error.