JAMES W. MILLER *v.* BRIDGEPORT HERALD CORPORATION

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 5—decided December 3, 1947

*Charles G. Albom,* with whom, on the brief, was *Nathan A. Resnik,* for the appellant (plaintiff).

*Lawrence S. Finkelstone,* with whom, on the brief, were *George N. Finkelstone, Lawrence E. Levy* and

*Douglas A. Finkelstone,* for the appellee (defendant).

DICKENSON, J. This is an appeal from an order of discontinuance of a case at the annual call of the docket and from the denial of a motion of the plaintiff to restore it.

The action was returned to court on the first Tuesday of February, 1945. On April 16, 1945, the court granted a defendant's motion for a more specific statement as to the complaint. The plaintiff filed a statement on April 26, 1945. The defendant filed a motion to strike this out and a motion for default on the ground that it failed to comply with the court's order. On May 29, 1945, the court granted the motion to strike out on the ground stated. No further proceedings were had in the case until the annual call of the court's docket in June, 1947, when the case was discontinued by order of court.

The Practice Book provides as follows: "Sec. 191. Clearing the Docket. In each county, during the last session prior to July in each year, the court shall discontinue all cases pending more than two years, unless a written request for a continuance shall have been filed or other cause for a continuance shall be shown. Notice of the day on which this action is to be taken shall be given by mail to counsel of record and by printing the same on a previous short calendar. Sec. 192. Notice of Discontinued Cases. The clerk shall cause to be printed lists of all cases so discontinued, and mail a copy to all counsel of record, and the court shall fix a day to hear motions to restore any of said cases to the docket, notice of which shall be printed upon said lists." On May 2, 1947, the following notice was given to counsel of record: "Notice, Annual

Call of the Docket, Superior Court, New Haven County, New Haven, May 2, 1947. The Court will on June 6, 1947, discontinue all cases (except receiverships) pending more than two years prior to said date, unless a written request for a continuance shall have been filed or other cause for a continuance shall be shown." The notice was also printed on the court's short calendars for May 16, 1947, May 23, 1947, May 29, 1947, and June 6, 1947. The judgment file recites that, "it appearing that the required notices have been duly given to counsel for the plaintiff pursuant to Secs. 191 and 192 of the Connecticut Practice Book; and it further appearing that said action was pending more than 2 years prior hereto, and that no written request for continuance has been filed in said case, and that no other cause for continuance is shown, it is ordered that said case be and the same is hereby discontinued, and it is further ordered that any motion to restore said case be heard on Friday, June 27, 1947, at 2:00 P.M."

The plaintiff concedes that on the date of the discontinuance of the case, June 6, he had failed to file a written request for continuance and that he did not on that date show any other cause for continuance of the case. Counsel were heard on a motion to restore on June 27, 1947, and it was denied without memorandum. The plaintiff contends that the "coupling" of § 191 with § 192 suggests that the motion to restore is a part of the procedure of discontinuance rather than an independent proceeding. His apparent claim is that the discontinuance or the erasure of the case from the docket is not effective until or unless there is a failure to move to restore and that if a motion to restore is made the court must grant it unless satisfied that there is no rea-

sonable probability that the case will furnish business.

We early recognized a difference in the effect of an order of erasure and the denial of a motion to restore. In *Beard's Appeal,* 64 Conn. 526, 534, 30 A. 775, it was held (*Baldwin, J.*) that an appeal lies from an order erasing a case from the docket but not from one denying a motion to restore it. In *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407, we said: "A motion to restore a case struck from the docket is like a motion to reopen a judgment; the decision upon it is not the basis of an appeal but it may postpone the limitation of the time within which an appeal from the judgment striking the case from the docket must be taken." See *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 A. 940. "Terminating, as it does, the right of the plaintiff to pursue the action, the striking of a case from the docket is an exercise of the judicial function and as such can be done only after notice and an opportunity to the parties to be heard." *Glazer* v. *Rosoff,* supra. It thus appears that, while the plaintiff has appealed both from the order of discontinuance and the denial of the motion to restore, the former is the only appeal properly before us. Sections 191 and 192 are not so inseparable that the court is required to grant a motion to restore as a matter of course. The purpose of the annual call of the docket is to clear it of inactive cases. Before that time, the parties to an action have the absolute right to a continuance upon filing a request to that effect. At that time, if no such request has been filed, they have the right to make a request for a stated cause and the court may or may not grant a continuance. In the absence of a written request or the making and granting of an oral request, the case is discontinued by order of

court. A motion to restore may then be made and, if granted, the case will then be proceeded with in due course. If not granted, the aggrieved party may appeal from the order of discontinuance, with an extension of time to file an appeal due to the motion. The obvious purpose of the motion to restore is to take care of situations where there is an excuse for the failure of counsel to file a written request for continuance or to show cause at the hearing why the case should not be discontinued.

On the record, the trial court had before it a case that had been on the docket for more than two years and had been inactive for substantially that period through failure of the plaintiff to comply with a court order. It does not appear that any evidence or statement as to why the plaintiff had failed to proceed with the case was before the court when it was discontinued or that there was any indication from the plaintiff that he desired its continuance. The order of discontinuance was in compliance with the mandate of the rule. There is no error apparent on the record. "A judgment is entitled to reasonable presumptions in support of its validity." *Kelly v. New Haven Steamboat Co.,* 75 Conn. 42, 47, 52 A. 261.

We might add that presumably a court will not deny a motion to restore unless the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute it, for it is within the discretion of the court to restore a case on condition that it be disposed of within a stated period.

There is no error.

In this opinion the other judges concurred.