LAKE GARDA COMPANY, INC., ET AL. *v.* LAKE GARDA IMPROVEMENT ASSOCIATION ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued December 8, 1967—decided January 16, 1968

*George H. Hamlin,* for the appellants-appellees (plaintiffs).

*Paul W. Orth,* for the appellees-appellants (defendants).

ALCORN, J.   Although the number of parties plaintiff and defendant has increased during the years in which this case has been pending, the respective sides of this controversy will, for convenience, be referred to as the plaintiff and the defendant. This action was brought by a complaint dated June 12, 1957, whereupon a temporary injunction was granted, and, on June 26, 1959, a stipulation was entered into that the temporary injunction be dissolved eight weeks thereafter. On August 16, 1960, the case was referred to a referee who died before filing his report, whereupon the defendant, on January 30, 1962, and on March 29, 1963, filed motions to revoke the reference and refer the case to another referee. In May, 1963, the case was discontinued from the docket without objection by the defendant.   Practice Book § 190.   A new term of court commenced on the third Tuesday of September, 1963.   General Statutes § 51-179 (now amended by Public Acts, Spec. Sess., Feb., 1965, No. 331 § 20).   The defendant did not move for a restora-

tion of the case to the docket until December 7, 1963. A hearing on that motion was held on June 26, 1964 *(Dube, J.)*, at which the plaintiff opposed the granting of the motion on the grounds that the order of discontinuance was a final judgment, that the court was without power to restore the case after the expiration of the term at which the judgment was rendered, and that no basis existed for the exercise of the court's equitable power to nullify its prior judgment. Nevertheless, the court, on June 26, 1964, ordered the case restored to the docket and, on the same date, revoked the original reference and referred the case to another referee.

On November 24, 1964, the plaintiff moved to erase the case from the docket for lack of jurisdiction, but the court *(Gaffney, J.)* denied the motion on January 11, 1965. Thereafter, the plaintiff filed written opposition to the restoration of the case, specifying reasons and stating that it no longer wished to pursue the case. It also filed a specific but respectful refusal to participate further in the case and announced its intention to appeal in the event judgment was rendered against it.

Meanwhile, despite the opposition of the plaintiff as related, and with the reference unrevoked, the court permitted the defendant to file an amended counterclaim on December 2, 1965, following which the court *(Doherty, J.)* nonsuited the plaintiff for failure to appear and prosecute its complaint and defaulted it for failure to appear and defend the counterclaim. Finally, on February 17, 1966, the court *(Parskey, J.)* rendered a judgment declaring the rights of the parties, granting an injunction, and awarding damages to the defendant on its amended counterclaim.

It is from this judgment that the plaintiff has

appealed, and the defendant, not to be outdone, has taken a cross appeal. We need consider only the plaintiff's appeal, which raises the conclusive jurisdictional issue arising from the order restoring the case to the docket.

The plaintiff's claims of law as recited in the finding are, in substance, that, at the hearing on the defendant's motion to restore the case to the docket on June 26, 1964, the plaintiff claimed that the May, 1963, order of discontinuance was a final judgment, that the court was without power to restore the case to the docket at a subsequent term, and that no basis existed for the exercise of the court's equitable power to nullify its May, 1963, judgment. The finding fails to state how the court ruled on these claims of law, as it should have done; Practice Book § 619; and consequently the plaintiff is compelled to assign as error that the court "apparently" overruled them. Clearly enough, the court necessarily overruled the plaintiff's claims of law, since we do not assume that it ignored them, in order to decide as it did on the motion.

The facts decisive of the appeal are brief. We have set forth the others only to chronicle the unorthodox procedure leading to the judgment appealed from. We are not here concerned with an action brought to invoke the equitable power of the court to set aside the judgment of discontinuance as in cases such as *Jarvis* v. *Martin,* 77 Conn. 19, 20, 58 A. 15, because the trial court acted only on the motion to restore the case to the docket. *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 379, 185 A. 70.

The action of the court in discontinuing the case from the docket in May, 1963, was a final judgment. *Dirton* v. *McCarthy,* 149 Conn. 172, 173, 177 A.2d 513; *Foley* v. *Douglas & Bro., Inc.,* supra; *Glazer* v.

*Rosoff,* 120 Conn. 120, 122, 179 A. 407. The effect was to deprive the court of jurisdiction over the parties. *Foley* v. *Douglas & Bro., Inc.,* supra, 380. After the discontinuance, the case remained in court but could not be proceeded with except by consent of the parties or by a waiver, express or implied, of any claim of lack of jurisdiction. *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* 123 Conn. 166, 170, 193 A. 204. A lack of jurisdiction over the person may be waived. *Reed* v. *Reincke,* 155 Conn. 591, 599, 236 A.2d 909. It is conceded, as indeed it must be, that the motion to restore was made and the order purporting to restore the case to the docket was passed at a term of court subsequent to that in which the judgment of discontinuance was rendered. *Cichy* v. *Kostyk,* 143 Conn. 688, 695, 125 A.2d 483. Far from consenting to or waiving objection to that action, the plaintiff advanced strenuous opposition to it and steadfastly maintained that position thereafter. Under these circumstances, the court was without power to grant the defendant's motion. *Poneleit* v. *Dudas,* 141 Conn. 413, 416, 106 A.2d 479; *Lusas* v. *St. Patrick's Roman Catholic Church Corporation,* supra, 172; *Foley* v. *Douglas & Bro., Inc.,* supra. It follows also that all action taken by the court subsequent to the attempted restoration of the case to the docket, including the rendition of the judgment appealed from, was without jurisdiction and void.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the complaint and the counterclaim for lack of jurisdiction.

In this opinion the other judges concurred.