THOMAS VENEZIA *v.* RICHARD KENNEDY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued June 7—decided June 20, 1973

*Ralph J. Lockwood,* for the appellant (plaintiff).

*Thomas M. Yuditski,* with whom, on the brief, was *T. Paul Tremont,* for the appellee (defendant).

PER CURIAM. This action for malicious prosecution was returned to the Superior Court at Bridgeport on the first Tuesday of May, 1967. The defendant filed his answer and a special defense on September 12, 1967, and issue was finally joined fourteen months later when the plaintiff filed his reply to the special defense. The record does not disclose any further action in the case until it was dismissed by judgment of the court on July 20, 1971, for "failure

to prosecute." Thereafter, on July 27, 1971, a motion to "reopen" was filed and this motion was granted by the court on August 6, 1971, the order of the court reading: "Granted—Case to be disposed of by 1/1/72." The case next appeared on the trial list on December 1, 1971, when it was marked "off with the privilege of recall" by someone representing the firm of the plaintiff's attorney. It next appeared on the assignment list of March 3, 1972, and was marked "ready." It was marked "ready" on the following assignment lists and was reached for trial on April 12, 1972, at which time the court, after hearing the parties, dismissed the action "for failure of the plaintiff to comply with the prior order of the court entered on August 6, 1971." The court subsequently denied (1) the motion of the plaintiff to "reopen" and vacate the judgment of discontinuance and to restore the case to the docket for immediate trial and (2) his petition to set aside the judgment of discontinuance. The present appeal is taken from the court's judgment of the court dismissing the action.

"Terminating, as it does, the right of the plaintiff to pursue the action, the striking of the case from the docket is an exercise of the judicial function and as such can be done only after notice and an opportunity to the parties to be heard." *Glazer* v. *Rosoff*, 120 Conn. 120, 122, 179 A. 407. "[I]t is within the discretion of the court to restore a case on condition that it be disposed of within a stated period." *Miller* v. *Bridgeport Herald Corporation*, 134 Conn. 198, 202, 56 A.2d 171. The record discloses that the trial court once dismissed the action because of the failure of the plaintiff to prosecute it and, after a hearing on the plaintiff's motion, restored the case on a specific condition with which the plaintiff did not

comply. After the expiration of the time limited therein and after further hearing, the trial court again dismissed the action for failure of the plaintiff to comply with the prior order. This was a decision which, under the circumstances, could reasonably be reached in the exercise of the legal discretion of the court.

There is no error.