D. V. Frione and Company, Inc. v. Harbor
Construction Corporation et al.

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued April 2—decision released April 22, 1975

*William F. Gallagher*, with whom, on the brief, was *John T. Cummiskey, Jr.*, for the appellant (named defendant).

*Howard F. Zoarski*, for the appellee (defendant Hartford Accident and Indemnity Company).

*Joseph B. Morse* appeared for the plaintiff.

Per Curiam. The plaintiff sought a judgment of interpleader to determine claims to a fund held by it for the defendant Harbor Construction Corporation, hereinafter Harbor, arising out of a judgment rendered against the plaintiff in favor of Harbor. See *Harbor Construction Corporation v. D. V. Frione & Co.*, 158 Conn. 14, 225 A.2d 823.

On December 5, 1973, the referee, acting as the court, rendered judgment of interpleader, ordering the plaintiff to pay the claims of some of the defend-

ants, including those of Harbor and Hartford Accident and Indemnity Company, hereinafter Hartford A. & I., the parties to this appeal.

By motion filed April 9, 1974, Harbor moved to open and set aside the judgment of December 5, 1973. A motion to erase, filed on April 11, 1974, by Hartford A. & I. was granted by the court on the ground that it lacked jurisdiction because the motion to open and set aside the judgment was filed after the expiration of the term in which the judgment had been rendered. Harbor has appealed to this court from the granting of the motion to erase.

The decisions of this court in *Poneleit* v. *Dudas,* 141 Conn. 413, 106 A.2d 479, and *Cichy* v. *Kostyk,* 143 Conn. 688, 125 A.2d 483, are dispositive of the merits of this appeal. As the *Poneleit* case reiterated (p. 416), " 'It is well settled that, unless proceedings looking to modification of a judgment are started before the expiration of the term of court at which it was entered, a court has no power to modify it in matters of substance, as distinguished from the correction of clerical errors, after the expiration of the term, except by consent or waiver of the parties or in proceedings for a new trial,' " and added, "As the term of court during which the judgment was rendered had expired at the time the motion to open the judgment was filed, the trial court did not have the power to grant it." See also *Beard* v. *Beard,* 168 Conn. 53, 54, 357 A.2d 465. The *Cichy* case (p. 695) makes clear that there is no merit to Harbor's contention that since the motion to open— filed after the expiration of the statutory "session" —was filed before the expiration of the statutory "term," the court erred in granting the motion to erase.

There is no error.