FREDERICK D. JENKINS *v*. HERCULES ELLIS ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, Js.

Argued May 13—decision released July 15, 1975

*Herbert F. Rosenberg,* with whom, on the brief, were *Richard S. Weinstein* and *Lawrence Hirsch,* for the appellant (plaintiff).

*James F. Kenney,* with whom, on the brief, was *Gregory P. Lynch,* for the appellees (defendants).

House, C. J.  This tort action was brought by a writ, summons and complaint dated October 16, 1970, and arose from an automobile accident that occurred in 1969.  Pleadings were closed and the case was claimed for trial in January, 1971.  Discovery proceedings took nearly two years and on April 28, 1971, the plaintiff was nonsuited for failure to comply with a motion for disclosure and production, but was granted a motion to open that judgment on June 4, 1971.  On April 24, 1973, the case was reached for trial before the Superior Court in Fairfield County at Stamford.  The record shows that the court (*Zarrilli, J.*) considered either allowing the case to go off and the defendants to file a motion for nonsuit or entering a judgment pur-

suant to the provisions of § 191A of the Practice Book.[1] After noting that "there was no reason why this case should be continued on the docket ad infinitum," and after warning counsel that "[i]f your client is unwilling to cooperate, he will be faced with the consequences," the court directed that an order of dismissal under § 191A enter unless on or before May 14, 1973, the plaintiff appeared in Connecticut, submitted to a physical examination and further appeared on that same date for a deposition to be taken by the defendants.

On May 22, 1973, after being informed that the plaintiff had failed to comply with the conditions of its order of April 24, 1973, the court ordered that the action be dismissed pursuant to § 191A. A new term of court commenced on July 10, 1973, the first Tuesday following July 4, 1973. General Statutes § 51-181. No action was taken to open the judgment of dismissal during the April term of court in which it was entered. On July 24, 1973, the plaintiff filed a motion to set aside the judgment of dismissal and reinstate the case to the trial list and, after argument, the motion was granted by the

---

[1] "[Practice Book] Sec. 191A. DISMISSAL FOR LACK OF DILIGENCE If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing on at least two weeks' notice, on motion by any party to the action pursuant to Sec. 154, or of its own motion, render a judgment dismissing the action with costs. In such cases, judgment files shall not be drawn except where an appeal is taken or where any party so requests. To record the judgment, the clerk may place on the reverse side of the docket sheet a notation in substantially the following form:   Judgment dismissing action entered (here insert date), (here insert name of judge), J., in favor of (here insert name of prevailing party) and against (here insert name of the party against whom judgment was rendered).   Costs taxed at $    .

By the Court,

...................... Clerk."

court (*Testo, J.*) on October 25, 1973. Thereafter, on November 5, 1973, the defendants filed a motion to reargue the plaintiff's motion to set aside the judgment of dismissal and reinstate the case to the trial list. This motion to reargue was granted and, after reargument, the court (*Testo, J.*), on February 14, 1974, denied the plaintiff's motion to open the judgment, stating in its memorandum of decision that it had previously acted under the erroneous assumption that the judgment of dismissal entered by the court on May 22 was in the nature of a disciplinary nonsuit. The memorandum also indicates that the court based its decision to deny the motion to open the judgment on the grounds that the order of dismissal, pursuant to § 191A, was a final judgment and that the court, in the absence of waiver or consent, was without power to restore the case after the expiration of the term at which the judgment was rendered. There was no consent or waiver. This appeal is taken from the judgment of the court denying the plaintiff's motion to open the judgment dated May 22, 1973.

If the judgment of dismissal under § 191A of the Practice Book was a final judgment and was not in the nature of a disciplinary nonsuit, the decision of this court in *Beard* v. *Beard,* 168 Conn. 53, 357 A.2d 465, is dispositive of the merits of the appeal. Citing and quoting from *Poneleit* v. *Dudas,* 141 Conn. 413, 416–17, 106 A.2d 479, the opinion in that case reiterated: " 'It is well settled that, unless proceedings looking to modification of a judgment are started before the expiration of the term of court at which it was entered, a court has no power to modify it in matters of substance, as distinguished from the correction of clerical errors, after the expiration of the term, except by consent

or waiver of the parties or in proceedings for a new trial.' *Morici* v. *Jarvie,* 137 Conn. 97, 104, 75 A.2d 47 . . . . As the term of court during which the judgment was rendered had expired at the time the motion to open the judgment was filed, the trial court did not have the power to grant it and did not err in denying it."

As we have noted in footnote 1, supra, § 191A of the Practice Book provides in pertinent part that if a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing on at least two weeks' notice, on motion by any party to the action pursuant to § 154, or of its own motion, render a judgment dismissing the action with costs. At the time § 191A was adopted on June 3, 1968, §§ 32, 82, 172, 183, 278, 280 and 285 of the Practice Book were in existence and provided various grounds for nonsuits. It is significant that in the adoption of § 191A providing for judgment "dismissing the action with costs" for failure to prosecute an action with reasonable diligence, the new rule neither used the term "nonsuit" nor proceeded by way of amendment to any of the several existing rules providing for the entry of nonsuits. Instead, the rule was adopted as a new remedy distinct from that of nonsuit and modeled on the already existing similar provisions of § 696 of the Practice Book applicable to appeals pending in this court. Section 696 then provided and now provides that if a party fails to prosecute an appeal to this court with proper diligence this court may "dismiss" the appeal with costs.

It is obvious from the precedent of § 696, from the particular words employed, and from the reason and purpose of the rule as shown by its provisions

that § 191A was intended to give the trial courts an additional tool to implement the moving of cases and to prevent cases from clogging the docket because of the lack of diligent prosecution. Its implementation is in accord with the ancient legal maxim, "Interest reipublicae ut sit finis litium." First, the word "dismissal" is used in § 191A rather than "nonsuit," which is used in §§ 32, 82, 172, 183, 278, 280 and 285. Although the term "dismissal" is often used as broadly inclusive of the terms "discontinuance" and "nonsuit"; 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit, § 1; there is often a difference depending upon how and where used, the overall context, or the purpose. Id., n.1. In § 191A, as originally adopted, "dismissal" was used in both the title and the text, and the context was that of rendering "judgment dismissing the action with costs," indicating a final judgment. As amended, effective September 1, 1971, § 191A provided for judgment files to be drawn "where an appeal is taken or where any party so requests," further indicating its nature as a final judgment. It is not merely the title of the rule but its provisions for the rendering of judgment, the taxing of costs, and the drawing of judgment files which give a dismissal under § 191A the character of a final judgment.

The purpose of § 191A is further made manifest by reference to the setting in which it arose. A legal vacuum never existed around § 191A. Disciplinary nonsuits were long recognized. See 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 156. For example, nonsuit or default for failure to comply with an order of court was provided by § 280. Nonsuit or default for failure to answer interrogatories or to answer them fairly was provided by § 172. Both discipli-

nary nonsuit sections, §§ 172 and 280, provide for motions to set aside such nonsuit or default upon such terms as the court may impose. No such provision to set aside is made in § 191A.

Further, discontinuance of all cases pending more than five years is provided by §§ 190 and 191, for the purpose of clearing the docket of dormant cases. On January 16, 1968, this court decided *Lake Garda Co.* v. *Lake Garda Improvement Assn.,* 156 Conn. 61, 238 A.2d 393, which held "[t]he action of the court in discontinuing the case from the docket . . . was a final judgment," and the court had no power to restore the case to the docket after the expiration of the term. Id., 64-65. It was in this context and in light of the already existing provisions for clearing the docket under §§ 190 and 191, and of the provisions for nonsuit discussed above, that the additional provisions of § 191A were adopted providing a judgment of dismissal for failure to prosecute an action with reasonable diligence.

We conclude that a dismissal for lack of diligence pursuant to the provisions of § 191A of the Practice Book is a final judgment and that in the absence of consent or waiver by the parties or of proceedings for a new trial, unless proceedings looking to modification of the judgment are started before the expiration of the term of court at which it was entered, the court is without jurisdiction to modify it in matters of substance.

There is no error.

In this opinion the other judges concurred.