HUDSON GLEN CORPORATION ET AL. *v.* PLANNING AND
ZONING COMMISSION OF THE TOWN OF BETHEL

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and BARBER, Js.

Argued June 3—decision released July 20, 1976

*Stephen C. Gallagher,* with whom, on the brief,
was *Edward J. Gallagher,* for the appellant
(defendant).

*Robert A. Fuller,* for the appellees (plaintiffs).

PER CURIAM. This appeal arose out of zoning
proceedings in the town of Bethel. An application
for a planned building group project of fifty-four
units was filed by the named plaintiff, which held
an option to purchase certain properties, the
plaintiff-owners of those properties, and the devel-
opment contractor. Following a public hearing
on the application, the defendant commission
denied the application. From this denial the plain-
tiffs appealed to the Court of Common Pleas which,
on March 31, 1975, rendered judgment finding the
issues for the plaintiffs and sustaining the appeal.
Thereafter, on June 24, 1975, the defendant granted
to the plaintiffs its approval of a planned building
group on the subject premises, but limited to forty-

one units. On July 2, 1975, the plaintiffs filed a motion to modify and correct the judgment of March 31. On July 11, 1975, the defendant appeared specially and moved to erase that motion for lack of jurisdiction.[1] On the same date the Court of Common Pleas denied that motion to erase and granted the plaintiffs' motion to modify and correct the judgment of March 31. As thus modified, the judgment not only sustained the appeal but directed the defendant to approve the plaintiffs' application for the fifty-four-unit project and sign the map which accompanied that application. The defendant thereupon petitioned this court for certification to appeal from the judgment of modification, asserting that the court lacked jurisdiction to render such a judgment. Upon the granting of certification by this court, the defendant appealed from both the original judgment rendered on March 31, 1975, and the July 11, 1975, judgment granting the plaintiffs' motion to modify and correct that judgment.

The appeal does not require extended discussion. It is well settled that in the absence of waiver or consent of the parties a court is without jurisdiction to modify or correct a judgment in other than clerical respects after the expiration of the session of the court in which it was rendered. *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 134, 318 A.2d 109; *Cichy* v. *Kostyk,* 143 Conn. 688, 695–96, 125 A.2d 483; *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 379, 185 A.2d 70. The judgment which the

[1] Neither the record nor the original file indicates that a special appearance was entered. However, the defendant's brief states that the appearance was a special one and the plaintiffs' brief states categorically that "[t]he defendant appeared specially at the proceedings on July 11, 1975" and that "[t]he defendant appeared specially on July 11, 1975, to argue that the Court of Common Pleas lacked jurisdiction to modify the original judgment."

plaintiffs sought to have modified was entered in the January, 1975, session of the Court of Common Pleas, which session ended on the first Tuesday of April, 1975. See General Statutes § 51-156. Under the circumstances, the court lacked jurisdiction in July to modify the judgment entered in March. It committed error in modifying the March 31 judgment and the case must be remanded to the Court of Common Pleas with direction to erase the July 11, 1975, judgment of modification.

As we have noted, the appeal as filed by the defendant was taken "from the judgment rendered therein on March 31, 1975 and the judgment of the Court on July 11, 1975 granting the Plaintiff's [sic] motion to modify and correct." The defendant's petition for certification, however, was filed on July 31, 1975. As to the judgment of modification, the petition was timely filed; but as to the March 31, 1975, judgment, it was filed four months after that judgment was rendered. The time for filing a petition for certification is limited to a time within twenty days from the issuance of notice of the rendition of the judgment from which an appeal is sought. Practice Book § 761E. The attempted appeal from the March 31 judgment was not timely taken and the appeal from that judgment must be dismissed, leaving the March 31 judgment in full force and effect.

There is error, the case is remanded to the Court of Common Pleas with direction to erase the July 11, 1975, judgment of modification and to dismiss the appeal from the March 31, 1975, judgment.