VINCENT SNOW ET AL. *v.* FRED D. CALISE ET AL.

HOUSE, C. J., COTTER, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued January 5—decision released April 10, 1978

*William J. St. John, Jr.,* with whom, on the brief, was *Paul A. Heller,* for the appellants (plaintiffs).

*Joseph F. Skelley, Jr.,* with whom, on the brief, was *Joel J. Rottner,* for the appellees (defendants).

COTTER, J. The plaintiffs brought suit on April 22, 1974, to recover for alleged serious permanent injuries sustained by the minor plaintiff when the motorcycle on which he was a passenger was allegedly struck by a truck operated by the named defendant.[1] From the record we have before us it

---

[1] Frederick Snow commenced the action on his own behalf and on behalf of his son, Vincent. Although the words "plaintiff" and "plaintiffs" are used interchangeably throughout the record (without any objection being raised), the apparent ambiguity in no way affects the merits of this appeal. Since the defendants themselves refer to the "plaintiffs' motion," and the appeal and assignment of errors were filed by the "plaintiffs," we do not make any distinction as to a particular plaintiff. No identification was made where the word "plaintiff" was used in the singular; therefore, "plaintiffs" will be used for the purpose of this opinion.

appears that the defendant failed to file a responsive pleading to the plaintiffs' complaint. However, in February, 1976, a Notice of Dormant Cases was sent to the parties advising them that a hearing would be held on the court's motion to dismiss the action for failure to prosecute with reasonable diligence as provided for under § 191A of the Practice Book.[2] Thereafter, the plaintiffs' action was dismissed.

On March 29, 1976,[3] before the end of the January session, the plaintiffs filed a "Motion to Open Dismissal" (presumably a motion to restore the case to the docket), together with a motion for default by reason of the defendants' failure to plead. Although the defendants filed an objection to that motion on the ground that the court lacked jurisdiction to hear it, the record reveals that no action was taken by the court on the plaintiffs' motion. On April 20, 1976, the plaintiffs once again filed a "Motion to Open Dismissal" which was in all

[2] "[Practice Book] Sec. 191A. DISMISSAL FOR LACK OF DILIGENCE. If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing on at least two weeks' notice, on motion by any party to the action pursuant to Sec. 154, or of its own motion, render a judgment dismissing the action with costs. In such cases, judgment files shall not be drawn except where an appeal is taken or where any party so requests. To record the judgment, the clerk may place on the reverse side of the docket sheet a notation in substantially the following form:

Judgment dismissing action entered (*here insert date*), (*here insert name of judge*), J., in favor of (*here insert name of prevailing party*) and against (*here insert name of the party against whom judgment was rendered*). Costs taxed at $

By the Court,

........................... *Clerk.*"

[3] Although the court's memorandum of decision indicates that this motion was filed on March 31, 1976, the record before us designates the filing date of this motion as March 29, 1976.

respects identical to their March 29 motion.[4]  The court heard this latter motion on January 14, 1977, which it treated as a motion to restore to the docket, and, on January 31, 1977, denied the plaintiffs' request.

The plaintiffs have appealed from the judgment striking their case and have assigned as error the court's refusal to restore the case to the docket. This was entirely proper.  "A judgment striking a case from the docket is a final judgment terminating the rights of the parties to proceed with the action. *Norton* v. *Shore Line Electric Ry. Co.,* 84 Conn. 24, 31, 78 Atl. 587.  A motion to restore a case struck from the docket is like a motion to reopen a judgment; the decision upon it is not the basis of an appeal but it may postpone the limitation of the time within which an appeal from the judgment striking the case from the docket must be taken. *Beard's Appeal,* 64 Conn. 526, 534, 30 Atl. 775; *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 652, 103 Atl. 940." *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407; *Miller* v. *Bridgeport Herald Corporation,* 134 Conn. 198, 201, 56 A.2d 171.

The trial court did not make a finding since it was not requested to do so.  "In the absence of a finding and appendix containing relevant evidence, we can properly turn to the memorandum of decision to ascertain the grounds on which the court acted. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 226, 215 A.2d 123; Maltbie, Conn. App. Proc. § 152."  *Keane* v. *Smith,* 163 Conn. 606, 607, 316

---

[4]  "MOTION TO OPEN DISMISSAL.

Plaintiff in the above entitled matter respectfully requests that the above entitled matter be reopened as Plaintiff is herewith submitting a Motion for Default for Failure to Plead.

PLAINTIFF"

A.2d 416, cert. denied, 409 U.S. 1113, 93 S. Ct. 927, 34 L. Ed. 2d 696; *Worden* v. *Francis,* 170 Conn. 186, 188, 365 A.2d 1205. In its memorandum of decision, the court made it clear that its refusal to restore the case to the docket was based upon its determination that it lacked jurisdiction over the parties.

In the absence of waiver or consent of the parties, a court is without jurisdiction to modify or correct a judgment in other than clerical respects after the expiration of the term of the court in which it was rendered. *Lake Garda Co.* v. *Lake Garda Improvement Assn.,* 156 Conn. 61, 65, 238 A.2d 393; *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 379, 185 A. 70. However, if proceedings to vacate or modify a judgment are begun during the term at which it was rendered, the court may act upon the matter at a subsequent term. *D. V. Frione & Co.* v. *Harbor Construction Corporation,* 168 Conn. 386, 387, 362 A.2d 859; *Pizzola* v. *Planning & Zoning Commission,* 167 Conn. 202, 209, 355 A.2d 21; *Poneleit* v. *Dudas,* 141 Conn. 413, 416, 106 A.2d 479. Under such circumstances, the court retains jurisdiction over the case. *Pizzola* v. *Planning & Zoning Commission,* supra. The word "term" as used in the common-law rule that a judgment may not be opened after the term at which it was rendered has been interpreted to mean "sessions" of court as defined in § 51-181[5]

---

[5] "[General Statutes] Sec. 51-181. SESSIONS OF THE SUPERIOR COURT. The superior court shall be deemed continuously in session with four sessions, except as otherwise provided in sections 51-180, 51-182 and 51-185, held on the first Tuesday of September, January and April and the first Tuesday following July fourth annually, in each of the several counties and judicial districts of the state, at such times and places and for such duration of time as is fixed and determined by the chief judge of the superior court annually, with the approval of the chief court administrator, except as otherwise provided by law, as follows:  . . . ."

of the General Statutes and not the statutory annual term provided for in § 51-179[6] of the General Statutes. *Cichy* v. *Kostyk*, 143 Conn. 688, 695–96, 125 A.2d 483; *D. V. Frione & Co.* v. *Harbor Construction Corporation*, supra. See *Hudson Glen Corporation* v. *Planning & Zoning Commission*, 171 Conn. 307, 308–309, 370 A.2d 935; *Fidelity Trust Co.* v. *Lamb*, 164 Conn. 126, 134, 318 A.2d 109; 2 Stephenson, Conn. Civ. Proc. (2d Ed.) § 207. Since the April 20 motion of the plaintiffs was not filed within the same court session in which judgment was rendered, therefore, it did not, by itself, operate to preserve the trial court's jurisdiction and thus allow the court to restore the case to the docket in a subsequent court session.

The plaintiffs' first "Motion to Open Dismissal" filed on March 29, 1976, however, *was* filed before the expiration of the session of the Superior Court in which the judgment of dismissal was rendered.[7] In its memorandum of decision, the trial court simply states that this motion "was never pursued or heard by the court." While we may consult the memorandum of decision to determine the basis of the trial court's action, it establishes no facts and cannot take the place of a finding. *Martin* v. *Connecticut Personnel Commissioner*, 167 Conn. 377, 378, 355 A.2d 256. The record presented contains

---

[6] "[General Statutes] Sec. 51-179. CIVIL TERM. There shall be a term of the superior court for the transaction of civil business, held annually on the first Tuesday of September, in each of the several counties and judicial districts of the state, provided there shall be such a term in Hartford county, at Hartford and New Britain, and in Fairfield county at Bridgeport and Stamford."

[7] The judgment of dismissal dated February 23, 1976, was rendered during the January session of the Superior Court. The following court session began on the first Tuesday of April, 1976 (April 6, 1976). General Statutes § 51-181.

no evidence that this motion was either abandoned, withdrawn or stricken. The short calendar schedule for April 9, 1976, mentioned in the dissenting opinion, does not appear in the file before this court. However, upon inquiry of the clerk of the Superior Court in Tolland County, a copy of that short calendar was sent for our examination. No specific notation by the court appears on this schedule to indicate that any affirmative action was taken on the plaintiffs' motion, and thus, there is no evidence to support the dissent's conclusion that "no one appeared in support of it and it was stricken." We do not read Practice Book § 218 as allowing for a party's pleadings to be permanently stricken from the case in the absence of any indication by the court that this was its express intention. Thus, since the plaintiffs' March 29 motion constituted a "start of the proceedings" before the expiration of the court session in which judgment was rendered, the trial court was not without jurisdiction to restore the case to the docket. *D. V. Frione & Co.* v. *Harbor Construction Corporation,* supra.

At oral argument, the defendants urged this court to apply the doctrines of waiver or abandonment to the plaintiffs' apparent inaction regarding their first motion. It is significant to note that when such a claim is made, the individual conduct of each party becomes a relevant factor for our consideration. See *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 316 A.2d 394. In the present case, during the twenty-one months which elapsed from the filing of the plaintiffs' complaint until the judgment of dismissal was rendered, the defendants did not file any pleading to the complaint. We cannot predicate a waiver in favor of "one whose own omission or inadvertence has contributed to the

problem at hand." Id., 565. The defendants certainly have not demonstrated the same degree of due diligence in proceeding with this litigation which they are now demanding of the plaintiffs.

Although we hold that, on the face of the record, the trial court had jurisdiction to restore the present case to the docket, on remand, the ultimate determination regarding that motion rests within the sound discretion of the court. *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* 158 Conn. 467, 477, 262 A.2d 159. As we stated in *Miller* v. *Bridgeport Herald Corporation,* supra, 202, however, "presumably a court will not deny a motion to restore unless the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute."[8] It is not unreasonable to believe that, in view of the state of the pleadings which had been filed, this case could neither have been placed on the trial list nor actually tried at an earlier date. Practice Book § 192. It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. The design of the rules of practice is both to facilitate business and to advance justice; "they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice Book §§ 547, 762.

---

[8] Since the file in this case discloses that interrogatories were filed by the plaintiffs as recently as March 26, 1975, it was actually less than eleven months from the time the last pleadings had been filed in this action until the Notice of Dormant Cases was sent to the parties. The state of the pleadings, therefore, indicates that the plaintiffs had continued to pursue their claim for some time after the complaint was filed.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion BOGDANSKI, LONGO and SPEZIALE, Js., concurred.

HOUSE, C. J. (dissenting.) I do not agree with the majority opinion in this case. The judgment dismissing the action brought by the two plaintiffs, Vincent Snow, P.P.A., and Frederick Snow, was entered February 23, 1976. No appeal was taken from that judgment until April 13, 1977, when both plaintiffs appealed from that judgment. The record discloses that on March 29, 1976, a "Motion to Open Dismissal" was filed by "the plaintiff" without identifying which plaintiff. Although the majority opinion correctly states that "[t]he record presented contains no evidence that this motion was either abandoned, withdrawn or stricken," what happened is no mystery. Section 218 of the Practice Book expressly provides that matters on the short calendar (which includes such matters as the motion of "the plaintiff") "shall not be continued except for good cause shown; and no matter in which adverse parties are interested shall be continued unless the parties shall agree thereto before the day of the short calendar session and notify the clerk, who shall make note thereof on the list of the presiding judge." Not only is there no indication that the short calendar motion was continued but the court's memorandum of decision notes that the motion "was never pursued" and the file in the case indicates exactly what happened. "There is no question . . . concerning our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise. *State* v. *Lenihan,* 151

Conn. 552, 554, 200 A.2d 476; *Politzer* v. *Jeffrey,
Inc.,* 133 Conn. 605, 606, 53 A.2d 201; *Preferred
Accident Ins. Co.* v. *Musante, Berman & Steinberg
Co.,* 133 Conn. 536, 540, 52 A.2d 862; *McCleave* v.
*John J. Flanagan Co.,* 115 Conn. 36, 39, 160 A. 305;
Maltbie, Conn. App. Proc. §§ 312, 313." *Karp* v.
*Urban Redevelopment Commission,* 162 Conn. 525,
527, 294 A.2d 633. The file discloses that the motion
was on the court's short calendar for April 9, 1976,
no one appeared in support of it and it was stricken.

Thereafter, on April 20, 1976, after the session of
court at which the judgment of dismissal had been
rendered, a new "Motion to Open Dismissal" was
filed by "the plaintiff," again not otherwise iden-
tified. It was heard by the court, treated as a
motion to restore the case to the docket and denied
by the court on January 31, 1977. The court, there-
after, granted to "the plaintiff" two extensions of
time "in which to file an appeal from the Court's
decision denying the reopening of this matter," and,
on April 13, 1977, both plaintiffs, Vincent Snow and
Frederick Snow, filed the present appeal, not from
the denial of the "reopening of this matter" but
"from the Superior Court's decision striking the
case," which was the judgment which had been
rendered February 23, 1976. Notwithstanding the
fact that the appeal was taken "from the Superior
Court's decision striking the case," the sole assign-
ment of error filed by "the plaintiffs" was "the
Court's refusal to open the dismissal and restore
the case to the docket on the ground that the Court
lacked jurisdiction."

The majority opinion properly notes that "[i]n
the absence of waiver or consent of the parties, a
court is without jurisdiction to modify or correct

a judgment in other than clerical respects after the expiration of the term of the court in which it was rendered," citing *Lake Garda Co.* v. *Lake Garda Improvement Assn.,* 156 Conn. 61, 65, 238 A.2d 393, and *Foley* v. *Douglas & Bro., Inc.,* 121 Conn. 377, 379, 185 A. 70. To these authorities the cases of *Jenkins* v. *Ellis,* 169 Conn. 154, 160, 362 A.2d 831, and *Fidelity Trust Co.* v. *Lamb,* 164 Conn. 126, 134, 318 A.2d 109, may be added. The majority opinion also properly notes that since the motion which the court decided—the motion to open dismissal filed April 20, 1976,—was not filed within the same court session in which the judgment dismissing the action was rendered, it did not "by itself, operate to preserve the trial court's jurisdiction and thus allow the court to restore the case to the docket in a subsequent court session."

I fully agree with the majority opinion's enunciation of these two well established legal principles. I cannot, however, agree with its conclusion that because an unidentified one of the two plaintiffs during the session at which the judgment dismissing the action was rendered did file a "Motion to Open Dismissal" the filing of that motion preserved indefinitely the court's jurisdiction of the action and over the parties even after that motion, not having been pressed, was stricken. I know of no authority which supports such an anomaly.

The brief in support of the present appeal has been submitted not by the plaintiffs-appellants but by "the plaintiff-appellant," the identity of which plaintiff remaining undisclosed. Since it does not brief or contain any argument concerning the judgment from which the two plaintiffs appealed—"the Superior Court's decision striking the case"—I

would treat any suggestion of error with respect to the judgment appealed from as abandoned. *State v. Crawford,* 172 Conn. 65, 66, 372 A.2d 154; *State v. Ruiz,* 171 Conn. 264, 265, 368 A.2d 222. If, nevertheless, the court were to consider the merits of the appeal as briefed by the unidentified individual plaintiff, I would find no error in the judgment of the trial court and its conclusion that, under the circumstances, it was without jurisdiction to grant the relief sought by the April, 1976, "Motion to Open Dismissal" which was not filed during the same court session in which the judgment dismissing the action was rendered.