[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to open the judgment is denied. This, however, may not be construed as the disposition which this judge would have rendered in the absence of prior decisions in this case on the defendant's motion for a continuance and motion to "re-open judgment of default". (Sic)
"It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574
(1978). Howeer [However], when she was the presiding courtside judge in this judicial district — a judicial district in which scarce judicial resources militate that only one judge may be assigned to courtside matters — Judge Vertefeuille denied the defendant's motion for continuance and motion to open the default. It now is more than ten years since our supreme court CT Page 278 observed that "[c]aseflow management places new demands on our already overworked judges because the judge must actively establish and enforce the pace of litigation coming before the court, rather than allowing the parties to do so. Judges must be firm and create the expectation that a case will go forward on the specific day that it is assigned. In order to dispose of our cases in a fair, timely, and efficient manner, everyone involved must be present on time, prepared, and ready to go forward. Because both courtrooms and judges are necessarily limited in number, burgeoning caseloads require that efficient use be made of the available space and judicial time. Careful calendar control is one proven method of increasing the number of case dispositions in the system." In re Mongillo, 190 Conn. 686, 691,461 A.2d 1387 (1983).
In view of this reality and of the discretion conferred on the then-presiding courtside judge with respect to case management, this judge has considered with some deference the decisions heretofore made by Judge Vertefeuille in this case in determining that the motion to open the judgment should be denied. Cf. Breen v. Phelps, 186 Conn. 99, 98-100 (1982).
BY THE COURT
Levin, J.