[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Citytrust moves to dismiss the plaintiff's complaint, pursuant to Practice Book § 251[1], for failure to prosecute with reasonable diligence. The motion is denied.
These are the facts material to the motion. In November 1990, the plaintiff, Robert Creighton, filed a shareholder's derivative action against certain officers and directors of Citytrust Bancorp, Inc. (Citytrust), alleging breach of fiduciary duty and indemnification. The complaint also alleged negligence and breach of contract against Citytrust's accounting firm, Arthur Andersen Co. (Arthur Andersen).
In August 1991, Citytrust's creditors filed an involuntary bankruptcy petition which was later converted to a voluntary petition. The bankruptcy court confirmed Citytrust's amended plan of reorganization in which Van Oliver was appointed as Trustee of the Creditor's Trust. As part of the amended plan of reorganization, the plaintiff's rights and interests to the present action were assigned to the Creditor's Trust. However, the Trustee was never substituted as the party plaintiff to this CT Page 7126 action.
On May 25, 1993, the court entered a judgment of dismissal against the plaintiff, pursuant to Practice Book § 251, for failure to prosecute with reasonable diligence. Within four months, the plaintiff filed a timely motion to open the judgment of dismissal, but the motion was not claimed for hearing for two and one half years, until June, 1996.
While the motion to open was pending, and before it was claimed for hearing, the defendant filed a second motion for judgment of dismissal (#131), pursuant to Practice Book § 251. The court (Hartmere, J.) determined that it could not decide that motion unless and until the plaintiff's motion to open the judgment of dismissal was granted. Thereafter, the motion to open the judgment of dismissal was claimed for hearing and, on August 2, 1996, the court (Ballen J.) granted the motion.
After the motion to open was granted, Citytrust claimed the second motion for judgment of dismissal (#131) for a hearing and filed an affidavit of Attorney James Stapleton in support of its motion. Arthur Andersen also filed a motion to dismiss. It is this second motion for judgment of dismissal (#131) which is presently before the court.
Citytrust argues that a four year lapse in the prosecution of the action is inherently unreasonable and that it will be prejudiced if the Trustee is allowed to prosecute the action because a key witness has died and his testimony was not preserved for trial.
The Trustee argues that the issues presented by the present motion have already been decided by the court when Judge Ballen granted the motion to open the judgment of dismissal. The Trustee also argues that the delay was not unreasonable under the circumstances because: the parties believed that the action was automatically stayed when Citytrust filed for bankruptcy; the Trustee believed that he could not act until after he was substituted as a party plaintiff and that he could not be substituted until after the motion to open the judgment of dismissal was granted in August of 1996; and the Trustee, and at least some of the parties to the litigation, believed that there was an agreement to stay this action pending the decision in the companion case Noble v. Baum. Finally, the Trustee argues that Citytrust has not been prejudiced by the passage of time. CT Page 7127
"The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court. This discretion is properly exercised if the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute . . ." Nickerson v. Gachim, 183 Conn. 413, 415,429 A.2d 379 (1981). "`Under [Practice Book] 251, the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determined whether the party's diligence falls within the "reasonable" section of the diligence spectrum.' Jaconski v. AMF, Inc., 208 Conn. 230, 234,543 A.2d 728 (1988)." Lacasse v. Burns, 214 Conn. 464, 474, 572 A.2d 357
(1990). "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574,392 A.2d 440 (1978).
In acting on this motion to open a judgment of dismissal entered pursuant to Practice Book § 251, the court must determine (1) whether the Trustee has a real intent to prosecute the action and (2) whether the four and one half year delay in prosecuting this action is "reasonable" under the circumstances. If prejudice to the movant is at all relevant, it is as an adjunct to these criteria and not as an independent criteria.
I am satisfied that Trustee intends, and has at all times intended, to prosecute this action. The Trustee submitted an affidavit attesting that the claims are meritorious and that he intends to prosecute the matter. He also appeared at the hearing to vigorously oppose the defendant's motion to dismiss the action. The dispositive issue then becomes whether the four and one half year delay in prosecuting this action is "reasonable" under the circumstances. Under the facts of this case, I find that it is.
The record indicates that Citytrust reasonably believed that the action was automatically stayed when Citytrust filed Bankruptcy in 1992. By letter dated November 3, 1994, Citytrust's attorney, James Stapleton, indicated to the Trustee that "[t]heCreighton case was stayed by the bankruptcy before the motion to dismiss could be heard by the trial court." The letter also requests written confirmation from the Trustee that he has "no interest in pursing these claims. . . ." The Trustee never responded to the letter and never indicated that he had no intent CT Page 7128 to pursue this action.
That Citytrust filed a Motion for Relief from Stay with the Bankruptcy Court in December of 1995 is further evidence that Citytrust believed that this action was stayed when Citytrust filed its bankruptcy petition in 1992. The motion states that "[u]pon information and belief, the automatic stay provided for under Section 362(a) of the Bankruptcy Code may still operate as a stay of the continuation-of the Noble action and the Creighton action by the movants." I find that Citytrust believed that the automatic stay might apply to this action. The filing of such a motion does not preclude Citytrust from asserting, as it does now, that the automatic stay never applied to this action. However, based on the all of the circumstances, including the filing of that motion, I am satisfied that, when Citytrust filed the motion, it reasonably believed that this action was stayed.
I also am satisfied that the reason Citytrust took no action during the two and one half years that the motion to open the judgment of dismissal was pending is because Citytrust was unaware that such a motion was pending. The November 3, 1994 letter from Citytrust's attorney James Stapleton to the Trustee, Van Oliver, indicates that Citytrust believed the action was stayed prior to the court ruling on the first motion to dismiss the plaintiff's complaint. It appears to the court that Citytrust was unaware that the court had heard and granted the first motion for judgment of dismissal and that the plaintiff had filed a motion to open the judgment of dismissal. That Citytrust filed a second motion to dismiss while the motion to open the judgment of dismissal was pending, is further evidence that Citytrust never knew that the first motion for judgment of dismissal had been granted or that the plaintiff had moved to open the judgment of dismissal. Notably, the affidavit of the Trustee asserts that he did not know that a judgment of dismissal had entered, until May 1996, when it "came to light" at the hearing on Citytrust's second motion for judgment of dismissal. This is the same hearing in which Judge Hartmere decided that he could not rule on Citytrust's motion for judgment of dismissal unless and until the court granted the plaintiff's motion to open the judgment of dismissal.
The record is less clear as to whether the Trustee actually believed that the action was stayed by the filing of Citytrust's bankruptcy petition. The Trustee's affidavit states that "[o]n numerous occasions prior to May of this year (1996), the CT Page 7129 defendants, by their statements and actions, had indicated to me that they believed this action was still open. They indicated this, among other things, by discussing with me earlier this year the settlement of the action, by moving for relief from the automatic stay in bankruptcy in order to file a motion to dismiss, and then by filing the motion to dismiss this case." The Trustee does not expressly state, however, that he believed the action was stayed by the filing of Citytrust's bankruptcy petition. Instead the Trustee asserts that "[a]fter I took charge of the Creditor's Trust, there were many matters that required my immediate attention, including negotiation of numerous claims against the company, resolution of complicated tax matters, and disposition of the company's unfunded employee benefit plans. Although, among my other duties, I succeeded to all rights of Citytrust, as debtor in possession, with respect to this action, I had not yet decided in 1993 whether or not the Trust should elect to prosecute the action."
The Trustee also filed the affidavit of Elias Alexiades, attorney for the plaintiff, Robert Creighton. Attorney Alexiades attests that it was his "understanding that the parties' agreement to defer the proceedings here [in Creighton] would continue until after resolution of the appeal in Noble," and that after Citytrust filed for bankruptcy, he "was advised by counsel for Citytrust that this action and Noble were stayed by operation of the automatic stay in bankruptcy." Attorney Alexiades further attests that "[b]y their statements and actions, the defendants have also indicated to me their belief that this action remained open subject to our agreement to defer the proceedings."
The Trustee's delay in prosecuting the action was not unreasonable under the circumstances. The Trustee was concerned with other matters relating to the bankruptcy petition and did not prosecute the matter more diligently because he reasonablybelieved that the parties agreed to stay prosecution of the action pending the appeal in Noble. Moreover, the Trustee relied upon Citytrust's belief that the matter was stayed upon the filing of Citytrust's bankruptcy petition.
In conclusion, the court denies Citytrust's motion to dismiss for failure to prosecute because both parties reasonably believed that the prosecution of the matter could not proceed. The record demonstrates that Citytrust believed that the action was automatically stayed by the bankruptcy court, and the Trustee believed that the parties agreed to defer prosecution until the CT Page 7130 appeal in Noble was resolved. As stated supra, "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, supra, 174 Conn. 574. The plaintiff's actions were not so dilatory that the plaintiff should be denied its day in court.
The motion for judgment of dismissal (# 131) is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court