[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 5, 2000, the Commissioner of the Department of Children and Families, the Department, filed a petition to terminate the parental right of the above-mentioned children. Respondent Mother, Maria I, has filed a Motion to Dismiss.[1] The arguments relied upon by Respondent Mother are that (1) the Department failed to comply with the time restrictions set by Connecticut General Statutes 17a-110b;[2] and (2) the Department is seeking a termination of parental rights while simultaneously advocating reunification of children and parent, two mutually exclusive positions.
I. Procedural History
CT Page 2276
In August 1998, the Department filed neglect petitions and sought an Order of Temporary Custody alleging that Mark W, Nino I and Elana H[3]
were neglected in that the children were both denied proper care and attention and were allowed to live in conditions injurious to their well being. That order was confirmed on August 28, 1998. The children were adjudged neglected and committed to the care and custody of the Department. Subsequently this court extended that commitment.
On October 5, 2000 the Department filed a Motion for Extension of Commitment and Review of Permanency Plan wherein the Department recommended the termination of all parental rights. On that same date, the Department filed a Petition for Termination of Parental Rights. It is that petition which the Respondent Mother seeks to dismiss.
II. Legal Analysis
Recognizing the need for permanency in the lives of children committed to the Department of Children and Families, the state legislature enacted and subsequently modified Connecticut General Statutes 17a-110. If a court makes a determination that the state is not required to reunify a child with his or her parents, within sixty days the Department must present one of three possible plans for the child. It can (a) file a permanency plan requesting long term foster care; (b) file a request for a revocation of commitment and a transfer of guardianship; or (c) file a petition for termination of parental rights. In the present case, on July 14, 2000 the court approved a permanency plan which contemplated the termination of Respondent Mother's parental rights. At the same time, pursuant to an agreement between the Department and Respondent Mother, the court ordered the Department to continue its efforts to reunify Respondent Mother and her children. On September 6, 2000, the Department sought and secured a thirty day extension within which to file a termination petition. That petition was ultimately filed on October 5, 2000. Respondent Mother argues that the petition is statutorily barred.
A. This Court Has Jurisdiction Over the Pending Controversy
 (1) The Respondent's Mother's Motion To Dismiss Is inadequate as a Matter of Law
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991) (emphasis in original; internal quotations omitted). In order to prevail, the moving party must file a supporting memorandum of law and, where appropriate, a CT Page 2277 supporting affidavit. Connecticut Practice Book Section 10-31; Barde v.Board of Trustees, 207 Conn. 59, 62 n. 1, 539 A.2d 1000 (1988). Here, the Respondent Mother filed a "memorandum of law" which consisted of nothing more than a bare reference to Connecticut General Statutes 17a-110(b). This is hardly the type of "supporting memorandum of law" contemplated by the Connecticut law. Consequently, her motion should be denied.
(2) Connecticut General Statutes 17a-110(b) is Inapplicable
Respondent Mother's undeveloped argument is that Connecticut General Statutes 17a-110(b) required the Department to file all termination petitions within sixty days of the July 14, 2000 proceedings. She ignores the fact that this statute is inapplicable to the present proceedings. The sixty-day provisions of Connecticut General Statutes 17a-110(b) only apply when "the court finds that [reunification] efforts are not appropriate." Here no court ever made this critical ruling. Therefore, the motion to dismiss must be denied.
 (3) The Petition for Termination of Parental Rights Was Filed in a Timely Fashion
Even if a court had ruled in July that reunification efforts were no longer appropriate, Respondent Mother's motion would still be inappropriate.
The question of whether a statutory time limitation is subject matter jurisdictional is a question of statutory interpretation. Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 764, 628 A.2d 1303
(1993). A court must consider whether the legislature intended that a time limitation be jurisdictional. That requires "a determination of whether a statute's provisions are mandatory or directory." Crest PontiacCadillac, Inc. v. Hadley, 239 Conn. 437, 445, 658 A.2d 670 (1996) (internal quotations and citations omitted). "In light of the strong presumption in favor of jurisdiction, we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a subject matter jurisdictional bar." CrestPontiac Cadillac, Inc. v. Hadley, 239 Conn. at 445.
Here the Respondent Mother has not made the requisite showing. Indeed, she has provided no analysis at all. In reviewing challenges to a court's subject matter jurisdiction, it is better "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574, 392 A.2d 440 (1978). "The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where CT Page 2278 it shall be manifest that a strict adherence to them will work surprise or injustice" In re Dodson, 214 Conn. 344, 363, 572 A.2d 328, cert. denied, 498 U.S. 896 (1990). Here Respondent Mother has not provided any reason to deny this court its jurisdiction.
 (4) The Fact That A Permanency Plan Authorizes Both Termination of Parental Rights and Reunification Does Not Require A Court to Dismiss the Department's Petition
Respondent Mother's final argument is that the Department cannot petition for a termination of parental rights while simultaneously facilitating her reunification with her children. Again, Respondent Mother's argument ignores the purpose of termination proceedings: As noted in In re Baby Girl B., 224 Conn. 263, 618 A.2d 1 (1992), the termination of parental rights involves a two-step process. A court must first determine whether termination is statutorily warranted. Only after making such a finding can the court decide the proper disposition for the termination petition. In re Baby Girl B., 224 Conn. at 275. Simply stated, "[t]ermination of parental rights does not follow automatically from parental conduct justifying the removal of custody." In re Baby GirlB., 224 Conn. at 279. "Our statutes and caselaw make it crystal clear that the determination of the child's best interests comes into play only after statutory grounds for termination of parental rights have been established by clear and convincing evidence." (Emphasis in original.) Inre Valerie D., 223 Conn. 492, 511, 613 A.2d 748 (1992). Thus, it is not inconsistent for the Department to seek to terminate parental rights while simultaneously offering Respondent Mother the opportunity to continue to visit her children.
IV. Conclusion
For all the foregoing reasons, the Respondent Mother's Motion to Dismiss is denied.
Julia DiCocco Dewey, Judge February 7, 2001