Dominic Cocchia *v.* John F. Paul

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 235

Argued May 12—decided July 30, 1976

*Rudra Tamm,* for the appellant (plaintiff).

*Louis S. Ciccarello,* for the appellee (defendant).

PER CURIAM. The plaintiff has appealed from a judgment dismissing the action in accordance with Practice Book § 191A[1] for failure to prosecute with reasonable diligence.

The complaint alleges that in 1955 the plaintiff furnished to the defendant goods of a certain value, that the defendant failed to pay despite repeated demands, and that in June, 1966, the defendant acknowledged the debt. It is also alleged that suit to collect the debt was commenced in 1971, but that it was dismissed for improper service of process. The present action to collect the debt was brought in May, 1974, under the "accidental failure of suit" statute, General Statutes § 52-592.[2] The action was dismissed on July 1, 1975, pursuant to Practice Book § 191A, but that judgment was opened on September 8, 1975.

---

[1] Practice Book § 191A provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing on at least two weeks' notice, on motion by any party to the action pursuant to Sec. 154, or of its own motion, render a judgment dismissing the action with costs."

[2] General Statutes § 52-592 provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the writ was abated, or has been erased from the docket for want of jurisdiction, or the action has been otherwise avoided or defeated by the

The case was assigned for trial on September 24 and on October 9, 1975, but was marked "over" on each of those occasions. The case was assigned for trial as a dormant case on December 2, 1975, and the trial list was mailed to all counsel at least two weeks before that date. On the date assigned for trial the case was dismissed under the provisions of Practice Book § 191A for lack of diligence and for failure of the plaintiff to appear.

The foregoing facts as found by the trial court or as ascertainable from the record are not disputed. The plaintiff seeks the addition of several paragraphs of his draft finding in accordance with his motion to correct which was denied by the trial court. The additional facts sought relate to the efforts of the plaintiff to close the pleadings by appropriate motions, to the prior dismissal of the action on July 1, 1975, through the claimed inadvertence of the clerk, which judgment was subsequently opened, and to attempts by the plaintiff to have the case tried at the earliest date possible. It is also claimed that, after the plaintiff's counsel arrived a half hour late and found that the case had been dismissed, the trial court opened the judgment of dismissal upon his oral motion and accepted the trial brief which he had previously been directed to file. None of the additional facts can be determined from the record before us since no transcript or other record of the proceedings involved has been filed. The plaintiff has attached to his brief what purports to be an uncertified transcript of what occurred in the trial court on the date the action

death of a party or for any matter of form; or if, in any such action after a verdict for the plaintiff, the judgment has been arrested, or if a judgment of nonsuit has been rendered or a judgment for the plaintiff reversed, the plaintiff, or, if the plaintiff is dead and the action by law survives, his executor or administrator, may commence a new action for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

was dismissed. No such transcript was filed with the trial court with the motion to correct the finding as required by Practice Book § 567G.[3] Therefore, neither can we consider this "transcript" that was belatedly filed in disregard of the rules nor can we make the requested corrections in the finding.

The facts as found by the trial court, in particular the failure of the plaintiff to appear at the time the case was assigned for trial after receiving proper notice, as admitted, are sufficient to warrant the dismissal of the case for failure to prosecute with due diligence.

There is no error.

SPEZIALE, PARSKEY, and D. SHEA, Js., participated in this decision.

[3] "Practice Book § 567G.—CORRECTION OF FINDING. If the appellant desires to have the finding of subordinate facts corrected, he must, within two weeks after receipt of the finding, file his motion for such correction, and with it such portions of the evidence as he deems relevant and material to the corrections asked for, certified by the stenographer who took it; but if the appellant claims that substantially all the evidence is relevant to the corrections sought, he may file all of it so certified, indicating in his motions as far as possible the portion applicable to each correction sought. The motion to correct the finding shall be in substantial compliance with Form 818."