GRACE M. NICKERSON *v.* JOHN B. GACHIM ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 3—decision released April 7, 1981.

*Snow Gene Munford,* for the appellant (named defendant).

*Chester J. Bukowski, Jr.,* for the appellee (plaintiff).

PER CURIAM. On December 17, 1974, a motor vehicle operated by the plaintiff collided with a motor vehicle operated by the named defendant.[1]

---

[1] The other defendant in this case was the corporate owner of the motor vehicle operated by the named defendant. It is not a party to this appeal.

On February 18, 1975, the plaintiff commenced this action to recover damages for the personal injuries she sustained. On June 12, 1975, after the answer and the plaintiff's reply to the defendant's special defense had been filed, the defendant counterclaimed against the plaintiff seeking recovery for his personal injuries. The pleadings were closed on June 21, 1976. On January 6, 1977, the plaintiff withdrew her complaint pursuant to a settlement agreement. On June 8, 1979, the defendant's attorney moved for permission to withdraw his appearance. The court refused to grant the motion until new counsel appeared for the defendant.

The matter was claimed for the trial list on April 14, 1975. The case appeared on the dormant list to be called on September 4, 1979. When neither the defendant nor his counsel answered this call, the court dismissed the counterclaim for failure to prosecute the action with reasonable diligence. Between the time of the withdrawal of the complaint and the dismissal of the counterclaim, the case appeared on the trial list on thirteen separate occasions.

On October 30, 1979, the defendant operator moved to open the dismissal of his counterclaim on the ground that he resided in Massachusetts and an illness had prevented him from obtaining new Connecticut counsel, although he had retained a Massachusetts attorney. The court denied the motion on November 26, 1979. The defendant has appealed from both the dismissal of the case for failure to prosecute with reasonable diligence and from the denial of his motion to open the dismissal.

Practice Book § 251 then provided: "If a party shall fail to prosecute an action with reasonable

diligence, the court may, after hearing on at least two weeks notice, . . . on its own motion, render a judgment dismissing the action with costs."[2] This section was intended to give the trial courts an additional tool to implement the movement of cases and to prevent cases from clogging the docket because of the lack of diligent prosecution. *Jenkins* v. *Ellis,* 169 Conn. 154, 158–59, 362 A.2d 831 (1975). The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court. This discretion is properly exercised if the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute, particularly if the party fails to appear at the time the case was assigned for trial on a dormant list. See *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978); *Miller* v. *Bridgeport Herald Corporation,* 134 Conn. 198, 202, 56 A.2d 171 (1947); *Cocchia* v. *Paul,* 33 Conn. Sup. 730, 732, 369 A.2d 257 (1976).

We find no abuse of discretion after considering the time periods involved, the numerous occasions on which the case appeared on a trial list and the failure of the defendant to answer the call of a case appearing on the dormant list. The defendant's argument that he was unable to appear because his illness prevented him from retaining counsel in Connecticut ignores the fact that the appearance of

---

[2] Practice Book § 251 has been amended to read: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing . . . on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required *except in cases appearing on an assignment list for final adjudication. . . ."* (Emphasis added.) Section 251, as amended, took effect on October 1, 1979.

the attorney who filed the counterclaim had not yet been withdrawn and that he had retained counsel in Massachusetts.

The defendant also argues on appeal that no evidence exists to show compliance with the notice requirement set out in Practice Book § 251. Since this issue was raised for the first time in the defendant's brief, we are not bound to consider it. *Robertson* v. *Robertson,* 164 Conn. 140, 143 n.1, 318 A.2d 106 (1972); *Munch* v. *Willametz,* 156 Conn. 6, 11, 238 A.2d 424 (1968), and citations therein; Practice Book § 3063.

The defendant's final claim of error is based on the court's denial of his motion to open the dismissal of his counterclaim. We understand this to be a request to restore the case to the trial list. Although the motion functions to postpone the time limitation within which an appeal may be taken from the dismissal of a case for failure to prosecute with reasonable diligence, the denial of a motion to open or restore a case to the trial list is not appealable. *Miller* v. *Bridgeport Herald Corporation,* supra, 201; *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 A. 407 (1935); Maltbie, Conn. App. Proc., p. 18 n.14.

There is no error.