ANTON PEREIRA *v.* WILLIAM BLAU
(2382)

HULL, DUPONT and BORDEN, Js.

Argued May 9—decision released August 7, 1984

---

*John N. Montalbano,* with whom, on the brief, were *James F. Early* and *Paul B. Whitman,* for the appellant (plaintiff).

*Carl E. Cella,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals[1] from the judgment of the trial court, rendered pursuant to Practice Book § 251,[2] dismissing his action for failure to prosecute with reasonable diligence, and from the subsequent denial of his motion to open that judgment. We find no error.

The case was returned to court on June 24, 1980. On September 29, 1980, the court granted the defendant's motion for nonsuit for failure of the plaintiff to comply with discovery orders. Four months later that nonsuit was opened. Four months later, a second motion for nonsuit was filed for failure of the plaintiff to plead, after which the plaintiff filed a responsive pleading.

The case appeared on a jury assignment list for trial on January 26, 1982. The printed legend on the assignment list indicated that counsel were required to be present and to be prepared to dispose of their cases by withdrawal, stipulation or trial, and it called specific attention to Practice Book § 251. The plaintiff's counsel did not appear on January 26, 1982. The court dismissed the action.

On May 17, 1982, three days short of the four month period ordinarily permitted to open judgments, the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] Practice Book § 251 provides as follows: "If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests."

plaintiff moved to open the judgment of dismissal. The gist of the motion, as reflected in the affidavit of his counsel, was that on June 30, 1981, the law firm representing the plaintiff, Evans, Sklarz, Feldman & Early, P.C., had dissolved and the plaintiff's case was being handled by the new, successor firm of Evans, Sklarz, Feldman & Early; that the new firm inadvertently did not file a new appearance; and that as a result "the plaintiff's counsel did not receive proper notice of the jury trial list scheduled for January, 1982 . . . ."[3] After a hearing, the court found that counsel of record at the time of the notice of the assignment list had received that notice, and that counsel was negligent in failing to appear and prosecute the case when it was scheduled for trial. The court denied the motion to open the judgment of dismissal.

This case is governed by the principles of *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 474 A.2d 787 (1984).

The plaintiff argues that the jury trial assignment list of January 26, 1982, was not "an assignment list for final adjudication" within the meaning of Practice Book § 251 because it was not part of the dormant case program, and that he was therefore entitled to two weeks' notice before a judgment dismissing his action could be rendered. The short answer is that an assignment list for the trial of cases, indicating that the cases must be disposed of by withdrawal, stipulation or trial, is "an assignment list for final adjudication" under Practice Book § 251. Effective caseflow management dictates no less.

There is no error.

---

[3] Counsel conceded at oral argument in this court that the successor counsel had received notice of the judgment as early as six days after it was rendered.