TOWN OF EAST HAVEN *v.* FRANCIS PARANTO, SR.
(2914)

HULL, DUPONT and SPALLONE, Js.

Argued June 7—decision released August 21, 1984

*Steven M. Reilly,* with whom, on the brief, was *Bruce L. Levin,* for the appellant (plaintiff).

*Sue L. Wise,* for the appellee (defendant).

HULL, J. The plaintiff appeals[1] from the court's dismissal of its complaint after the plaintiff, the town of East Haven, was unable, at the commencement of the trial, to produce its key witness. Because we conclude that, under the circumstances of this case, principles of fundamental fairness to the plaintiff outweigh a consideration of caseflow management, we find error in the dismissal of the plaintiff's case.

The facts are not in dispute. On June 22, 1977, Officer Joseph Civitello of the East Haven police department was driving a suspect to the police station when, according to the complaint in this action, he was run off the road and assaulted by the defendant, Francis Paranto, Sr. The police officer was injured, and East Haven furnished him with medical and surgical care and with workers' compensation benefits.

The plaintiff town of East Haven brought the present suit against the defendant for reimbursement of

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

benefits paid. Paranto denied the allegation in the complaint, and counterclaimed for damages for assault and false restraint.

The case was scheduled to be tried at three different times prior to the time in question. Each time it was scheduled, the case was postponed at the request of the defendant's counsel. Finally, the case was scheduled on a trial list for August 10, 1982, and it was reached on August 11.

On August 11, the town's attorney moved for a one day postponement because of the unavailability of Civitello, a material witness. In support of its motion for postponement, the town presented the testimony of the sheriff who said that he had been unable, despite repeated attempts, to serve a subpoena upon Civitello, although he thought he could serve him if he were "given a couple of days to do so."

The court denied the motion for postponement and dismissed the complaint, sua sponte. From this dismissal, the town appealed.

The town claims that "[n]othing in our jurisprudence permits the dismissal of an action for failure to have present in court a material witness at the commencement of a civil trial." It maintains that this dismissal was not a proper dismissal pursuant to Practice Book § 251[2] for failure to prosecute with due diligence, nor was it proper to dismiss under Practice Book § 302 for

---

[2] Practice Book § 251 provides: "DISMISSAL FOR LACK OF DILIGENCE

"If a party shall fail to prosecute an action with reasonable diligence, the court may, after hearing on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests."

failure to make out a prima facie case.[3] The town further maintains that it should have been allowed to try to meet its burden of proof with the evidence which was available. To foreclose that possibility was, it claims, an abuse of discretion.

The defendant takes the position that it was a proper dismissal under Practice Book § 251 and points out that the town had a full day from the start of the list to the call of the case within which to subpoena the police officer. The defendant also cites the court's caseflow management powers as authority for the dismissal.

After denying the plaintiff's motion to postpone, the following colloquy occurred:

"The Court: Counselor, the Motion to Postpone is denied.

"Mr. Reilly: May I have an exception, your Honor?

"The Court: You may have an exception. And, the Complaint is dismissed. And also the Counterclaim is also dismissed.

"Mr. Reilly: May I have an exception to the Complaint being dismissed because of the absence of the material witness? I did have certain medical reports which counsel at one time told me she would stipulate to, medical bills, police reports which I would attempt to introduce. I object to the matter being dismissed.

"The Court: Okay. Counselor, it is noted.

"Mrs. Wise: Is it with prejudice?

---

[3] Practice Book § 302 provides: "DISMISSAL IN COURT CASES FOR FAILURE TO MAKE OUT A PRIMA FACIE CASE

"If, on the trial of any issue of fact in a civil action tried to the court, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment of dismissal, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case. The defendant may offer evidence in the event the motion is not granted, without having reserved the right to do so and to the same extent as if the motion had not been made."

"The Court: Yes. Both dismissals are with prejudice, on the Complaint and on the Counterclaim."[4]

Failure to have a material witness in court at the commencement of the trial is not grounds, in and of itself, for a dismissal of the action. The court's judgment was not a proper dismissal for failure to prosecute an action with reasonable diligence; Practice Book § 251; or for failure to make out a prima facie case. Practice Book § 302. The plaintiff was never allowed to get out of the starting gate.

The court's action was precipitate and summary in the extreme. The colloquy between the court and the plaintiff's counsel shows only a minimal offer of proof that counsel was prepared to offer evidence. He did, however, properly object to the matter being dismissed.

The plaintiff claims in its brief that it was "ready and prepared to proceed with other evidence [citing the colloquy quoted above], besides the testimony of Mr. Civitello, and had another witness present in the courtroom and ready to testify and others under subpoena." There is no claim, however, that these matters were brought to the attention of the trial court.

This factor is irrelevant, however, since the plaintiff was entitled, under fundamental due process, to be heard. " '[D]ue process of law requires that the rights of no man shall be judicially determined without affording him a day in court and an opportunity to be heard.' *State ex rel. Kelman* v. *Schaffer,* 161 Conn. 522, 526–27, 290 A.2d 327 [1971]; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 383, 260 A.2d 596 [1969]; *Benz* v. *Walker,* 154 Conn. 74, 77, 221 A.2d 841 [1966]; see also *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 [1950]." *Lechner* v. *Holmberg,* 165 Conn. 152, 156,

---

[4] It should be noted that contrary to this statement by the court, the judgment itself does not reflect dismissal of the counterclaim.

328 A.2d 701 (1973). "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978). " '[A] party has the same right to submit a weak case as he has to submit a strong one.' " *Fritz* v. *Gaudet,* 101 Conn. 52, 53, 124 A. 841 (1924).

Recent cases have appeared to reflect a "hard line" posture in the Supreme Court's consideration of caseflow management cases. *Gionfrido* v. *Wharf Realty, Inc.,* 193 Conn. 28, 474 A.2d 787 (1984); *Thode* v. *Thode,* 190 Conn. 694, 462 A.2d 4 (1983); *In re Mongillo,* 190 Conn. 686, 461 A.2d 1387 (1983); see also *Pereira* v. *Blau,* 2 Conn. App. 377, 478 A.2d 1044 (1984); but see *State* v. *Beckenbach,* 1 Conn. App. 669, 676–77, 476 A.2d 591 (1984).

An examination of the background of each of these cases, however, reveals clear patterns of delay and foot-dragging which can play havoc with urgently needed caseflow management. The straw that broke the camel's back in *Gionfrido* involved a plaintiff's attorney who "lost track of time" during a luncheon recess and didn't show up until 2:26 p.m. for a 2 p.m. starting time. *Gionfrido* v. *Wharf Realty, Inc.,* supra, 31. In upholding the court's dismissal under Practice Book § 251, Chief Justice Speziale noted that "the trial court, *Higgins, J.,* was confronted by a history of delay in this case." Id., 32. In *Thode* v. *Thode,* supra, Chief Justice Speziale spoke for the court in upholding the trial court, *Higgins, J.,* who, as presiding judge, had denied the defendant's motion for a continuance made on the day of trial so that the defendant went to trial represented by an attorney who was not his attorney of choice. The court carefully pointed out that the defendant's attorney had inadequate communication with his client who did not find out until 5 p.m. on the day before the trial that this regular attorney would be out of town. *Thode*

v. *Thode,* supra, 44–45. In the case of *In re Mongillo,*
supra, 690–92, the Supreme Court strongly reiterated,
by way of dicta, its firm approach to case flow manage-
ment questions. That case involved an attorney who
had been fined $25 by the trial court for his tardiness
at the call of the calender. The Supreme Court found
error, but only because the attorney did not have either
actual or constructive notice of the presiding judge's
policy in this regard.

In *Pereira* v. *Blau,* supra, the Appellate Court upheld
a dismissal under Practice Book § 251 after a repeated
pattern of delay culminated in the plaintiff's attorney
not appearing at a final assignment list of which the
attorney had proper notice.

None of these cases involved a plaintiff's attorney
present in court objecting to the dismissal and indicat-
ing that he was ready to proceed with evidence.

"The ultimate determination regarding a motion to
dismiss for lack of diligence is within the sound discre-
tion of the court. This discretion is properly exercised
if the case has been on the docket for an unduly pro-
tracted period or if the court is satisfied from the record
or otherwise that there is no real intent to prosecute,
particularly if the party fails to appear at the time
the case was assigned for trial on a dormant list. See
*Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440
(1978); *Miller* v. *Bridgeport Herald Corporation,* 134
Conn. 198, 202, 56 A.2d 171 (1947); *Cocchia* v. *Paul,* 33
Conn. Sup. 730, 732, 369 A.2d 257 (1976)." *Nickerson*
v. *Gachim,* 183 Conn. 413, 415, 439 A.2d 379 (1981).

The trial court in this case acted arbitrarily and
abused its discretion in dismissing the plaintiff's case.

There is error, the judgment is set aside and the case
is remanded with direction to restore the case to the
trial docket.

In this opinion the other judges concurred.