JANCIS L. FULLER *v.* COMMISSIONER
OF CORRECTION

JANCIS L. FULLER *v.* STATE OF CONNECTICUT
(AC 22522)

Lavery, C. J., and Bishop and Cretella, Js.

Argued January 13—officially released April 1, 2003

*Jancis L. Fuller*, pro se, the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, was *Angela R. Macchiarulo*, assistant state's attorney, for the appellees (respondent in the first case, state in the second case).

*Opinion*

PER CURIAM. The petitioner, Jancis L. Fuller, appeals from the trial court's dismissals of her petitions

for a writ of habeas and for a new trial. On appeal, the petitioner claims that the court improperly denied her motion for a continuance and dismissed both her petition for a writ of habeas corpus and her petition for a new trial. We disagree and affirm the judgments of the habeas court.

Following her conviction of two counts of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a), the petitioner appealed to this court, which affirmed the judgment of conviction. *State* v. *Fuller*, 56 Conn. App. 592, 744 A.2d 931, cert. denied, 252 Conn. 949, 748 A.2d 298, cert. denied, 531 U.S. 911, 121 S. Ct. 262, 148 L. Ed. 2d 190 (2000). The petitioner subsequently filed a habeas petition alleging ineffective assistance of both trial and appellate counsel, which was filed on July 29, 1998, and amended for a final time on October 29, 2001. On August 22, 2000, the petitioner also filed a petition for a new trial that alleged, inter alia, that the state improperly withheld ballistics evidence and that the state, the victims, the police and her attorneys conspired to fabricate ballistics evidence to ensure that she was convicted. The court, *Dyer, J.*, granted the motion filed by the respondent commissioner of correction to consolidate the two actions because they contained claims that were legally and factually intertwined. We do likewise in considering this appeal.

On August 21, 2000, the petitioner filed a motion for a trial date on her habeas petition, advising the court that the matter had been on the "firm hearing list" since March 19, 1999. In her motion, the petitioner stated that she was "ready to proceed with the trial and would like to present her case within the next ninety days." Numerous time consuming discovery requests and several continuances to prepare for trial followed.

On June 26, 2001, the petitioner filed a motion for the disqualification of Judge Dyer. According to the motion, the petitioner alleged that Judge Dyer was biased against her. A hearing was held on the petitioner's motion to disqualify, and although Judge Dyer advised that he disagreed with the petitioner's allegations, he nevertheless voluntarily withdrew from the petitioner's case to avoid the appearance that his actions would be influenced by the fact that the petitioner had sought to disqualify him.

On September 27, 2001, the petitioner was advised by the court, *Devlin, J.,* that the trial date on her habeas allegations and petition for a new trial would be November 7, 2001. On October 3, 2001, the petitioner filed a motion for an indefinite postponement of the trial date for at least four months, due to her allegation of illness relating to the functioning of her thyroid gland and to continue the discovery process. At the hearing on the petitioner's motion for postponement, the respondent alleged that the petitioner was engaged in delay tactics, given that she had filed another amended habeas petition and a motion for discovery dated October 25, 2001. The court denied the motion for a continuance, finding that the medical documents submitted indicated that the petitioner was mildly hypothyroidic and refused to take any medication that was prescribed. Additionally, a complete physical examination of the petitioner on September 27, 2001, did not reveal anything other than a urinary tract infection.

When asked by the court to call her first witness, the petitioner responded, "I don't have my material with me. I was not intending to put on a trial today. I can't do it." The court then postponed the petitioner's case until the following day to give her the opportunity to present whatever evidence she had. On the following day, the petitioner again informed the court that she was unable to proceed. The court then dismissed the

petitions for a new trial and for a writ of habeas corpus pursuant to Practice Book § 14-3. This appeal followed. There was no hearing or evidence presented on either the claim of ineffective assistance of counsel or the matter of alleged new evidence and, therefore, in this appeal, we limit our review only to the issue of a continuance.

"A trial court possesses broad discretion in deciding whether to grant or deny a motion for a continuance. . . . The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's decision will be made. . . . To prove an abuse of discretion, the appellant must demonstrate that the denial of the continuance was unreasonable or arbitrary. . . . [T]he right of a defendant to a continuance is not absolute and the propriety of a denial of one is to be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Citations omitted; internal quotation marks omitted.) *State* v. *Breckenridge*, 66 Conn. App. 490, 495–96, 784 A.2d 1034, cert. denied, 259 Conn. 904, 789 A.2d 991 (2001).

The court denied the petitioner's motion for a continuance because her medical records revealed only a case of mild hypothyroid that was treatable by medication, which she refused to take. The petitioner's medical records stated clearly that she "adamantly refuses meds."

Initially, we note that "[i]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally

in favor of the pro se party. . . . Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Ruiz* v. *Gatling*, 73 Conn. App. 574, 575, 808 A.2d 710 (2002).

"The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Wilson* v. *Office of Adult Probation*, 67 Conn. App. 142, 145, 786 A.2d 1120 (2001).

Practice Book § 23-29 (5) permits a habeas court to dismiss a petition for "any . . . legally sufficient ground . . . ." Practice Book § 14-3 permits a habeas court, on its own motion, to dismiss an action if the petitioner fails to "prosecute an action with reasonable diligence . . . ." Those rules of practice are to ensure the proper movement of cases and to prevent a backlog of the docket. *Nickerson* v. *Gachim*, 183 Conn. 413, 415, 439 A.2d 379 (1981), overruled on other grounds, *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 835, 628 A.2d 1311 (1993). They also are consistent with General Statutes § 52-470 (a), which requires the court to proceed in a summary way to determine the facts and issues of a case.

"Practice Book § 14-3 reflects the judicial branch's interest in having [a party] prosecute actions with reasonable diligence. Judges, faced with case flow management concerns, must enforce the pace of litigation coming before the court, rather than allowing the parties to do so. . . . This case directly implicates the axiom that [o]ur judicial system cannot be controlled

by the litigants and cases cannot be allowed to drift aimlessly through the system." (Citation omitted; internal quotation marks omitted.) *Gillum* v. *Yale University*, 62 Conn. App. 775, 786–87, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001). After our review of the record, we agree with the court's finding that "the petitioner has wholly and completely failed to offer any evidence regarding the numerous claims she has raised."

The petition for a new trial was closely intertwined with the petitioner's habeas petition in that both relied, to a great extent, on the ballistics evidence that was produced at her trial. The testimony of a ballistics expert on her behalf would have been necessary to establish her claim of newly discovered evidence. The petitioner, however, was unable to produce such an expert and failed to prosecute her case. She claimed that her thyroid condition was of such severity that it prevented her from obtaining such an expert and from properly pursuing her legal remedies. The medical evidence before the court stated otherwise. The court's dismissal was based on its findings that the petitioner had only a mild case of hypothyroidism and that such illness did not prevent her from presenting evidence. Accordingly, we do not find that the court abused its discretion in denying the petitioner's motion for a continuance. The dismissals of both petitions was not improper.

The judgments are affirmed.