******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID BOBBIN *v.* SAIL THE
SOUNDS, LLC, ET AL.
(AC 35596)

DiPentima, C. J., and Keller and Mihalakos, Js.

*Argued September 18—officially released November 18, 2014*

(Appeal from Superior Court, judicial district of New
London, Hon. Thomas F. Parker, judge trial referee.)

*Santa Mendoza*, for the appellant (plaintiff).

*Opinion*

KELLER, J. The plaintiff, David Bobbin, appeals from the judgment of the trial court granting the defendants' motion to dismiss his application to compel arbitration for failure to prosecute with reasonable diligence.[1] On appeal, the plaintiff claims that (1) his application to compel arbitration, under General Statutes § 52-410, is not a civil action, and, therefore, is not subject to dismissal pursuant to Practice Book § 14-3, and (2) in the alternative, he did not fail to prosecute his application with reasonable diligence in violation of Practice Book § 14-3. We affirm the judgment of the trial court.[2]

The following facts, either as found by the court or apparent in the record before the court, and procedural history are relevant to this appeal. The defendant Sail the Sounds, LLC, while in operation, was a company involved in the boat chartering business.[3] The defendant James Scoggins and his late wife, Teresa Scoggins, were the sole members of the company. The plaintiff began working for the company in March, 1998, and entered into a written contract that entitled him to a share of the profits from the company's sailing division. The plaintiff voluntarily terminated his relationship with the company in November, 2000.

In 2002, the plaintiff commenced an action against Sail the Sounds, LLC, and both James Scoggins and Teresa Scoggins, alleging that he did not receive an appropriate share of the profits owed to him under the written contract. In January, 2004, the parties agreed to have the plaintiff withdraw his pending case and instead collectively pursue mediation or arbitration. Upon a joint motion filed by the parties, the court entered their agreement as an order on January 23, 2004. Under the agreement, the parties had to mediate their dispute by May 15, 2004. If the mediation was unsuccessful, the agreement required the parties to participate in a binding arbitration proceeding by September 15, 2004. The parties failed to mediate or arbitrate at any time following the order.

On July 7, 2008, the plaintiff filed an application to compel arbitration under § 52-410.[4] The court scheduled a hearing on the application for August 11, 2008, but the plaintiff agreed to mark the hearing off at the defendants' request.[5] On July 7, 2009, the plaintiff filed a form to reclaim his application on the court's short calendar list, but the court did not subsequently schedule a hearing on the matter.

On July 30, 2010, the plaintiff filed a motion for default for the defendants' failure to appear, which the court clerk granted on August 6, 2010. The defendants' counsel subsequently filed an appearance on August 18, 2010.

Following nearly two years of inactivity, the court sent a notice to the parties on April 10, 2012, stating that the court had scheduled a status conference

because there had been no activity in the case for the previous six months. The notice further stated that the attorneys could be excused from attending the conference by, inter alia, withdrawing the action or submitting a certificate of closed pleadings. In response, the plaintiff filed a certificate of closed pleadings on April 27, 2012. The defendants filed an objection to the certificate and subsequently filed a motion to dismiss the plaintiff's application to compel arbitration for failure to prosecute with reasonable diligence pursuant to Practice Book § 14-3.[6]

The court, *Hon. Thomas F. Parker*, judge trial referee, granted the defendants' motion to dismiss. The court found that the plaintiff never made any requests to the defendants for mediation or arbitration, and further found no evidence to substantiate the plaintiff's claim that the defendants had refused to submit to mediation. In addition, the court noted that the plaintiff's minimal activity from August, 2008, to July 30, 2010, and from August, 2010, to April 27, 2012, "halted the progress" of the case. Finally, the court emphasized that the plaintiff's delays were particularly dilatory in light of the expedited proceedings mandated under § 52-410. For these reasons, the court dismissed the plaintiff's action. The plaintiff filed a motion for reargument, which the trial court denied. This appeal followed. Additional facts will be set forth as necessary.

## I

First, the plaintiff claims that the court erred in granting the defendants' motion to dismiss because his application to compel arbitration is not a civil action for the purposes of dismissal pursuant to Practice Book § 14-3. We disagree.

Our review of the applicability of Practice Book § 14-3 involves a question of law and is therefore plenary. See *Cunniffe* v. *Cunniffe*, 150 Conn. App. 419, 429, 91 A.3d 497 (2014).

As this court succinctly explained in *Fishman* v. *Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985), courts generally have viewed arbitration proceedings as distinct from civil actions. Id., 344; see also *Dayco Corp.* v. *Fred T. Roberts & Co.*, 192 Conn. 497, 503, 472 A.2d 780 (1984) (arbitration proceedings are not civil actions in regard to suit, attachment, and service of process on partnerships under General Statutes §§ 52-112 and 52-57 [d]); *Waterbury* v. *Waterbury Police Union, Local 1237*, 176 Conn. 401, 408, 407 A.2d 1013 (1979) (applications to confirm, modify, or vacate arbitration awards are not civil actions under title 52 of General Statutes); *Skidmore, Owings & Merrill* v. *Connecticut General Life Ins. Co.*, 25 Conn. Supp. 76, 86, 197 A.2d 83 (1963) (arbitration proceeding is not civil action within bar of statute of limitations). These cases

indicate that "whether an arbitration proceeding is a civil action turns on the purpose for which the legislature created the proceeding and the most efficacious way to carry out that purpose. . . . [T]he word action has no precise meaning and the scope of proceedings which will be included within the term . . . depends upon the nature and purpose of the particular statute in question. . . . What the legislature may have intended to be a civil action for some purposes may not be a civil action for others." (Citation omitted; internal quotation marks omitted.) *Fishman* v. *Middlesex Mutual Assurance Co.*, supra, 344.

Relying on *Fishman*, the plaintiff claims that his application to compel arbitration cannot be treated as a civil action that is subject to dismissal pursuant to Practice Book § 14-3. In *Fishman*, the plaintiff, an insured party, filed a complaint seeking an order to compel the defendant, an insurance company, to participate in arbitration proceedings pursuant to an arbitration provision in the plaintiff's homeowners policy. Id., 340–41. The defendant filed a motion to dismiss the action on the ground that, inter alia, it was a civil action requiring a recognizance for costs, which the plaintiff did not provide. Id., 341. After the trial court denied its motion, the defendant filed requests to revise the complaint, notices of interrogatories, and requests for production. Id., 341–42. The plaintiff did not comply with the requests or interrogatories and filed objections, on which the court did not rule. Id., 342. Subsequently, the plaintiff filed a motion for an order to proceed with arbitration under § 52-410. Id. The court granted the motion following a hearing. Id.

On appeal, this court held that an application to compel arbitration is not a civil action in the context of the recognizance for costs requirement. Id., 345, 347. This court explained that our arbitration statutes created mechanisms for the purposes of "avoid[ing] the formalities, the delay, the expense and vexation of ordinary litigation." (Internal quotation marks omitted.) Id., 345. Subsection (c) of § 52-410 conforms to those purposes in providing that "the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay . . . ." Id., 346. According to this court, those purposes would be frustrated if a party "is able to slow down this favored process not only by requiring the other party to seek the court's intervention, but also by insisting on all the procedural formalities, delays, and costs of an ordinary civil action." Id. Consequently, this court determined that requiring a recognizance for costs to accompany an application to compel arbitration would "serve only to obstruct the legislative intent behind General Statutes § 52-410." Id.

Similarly, this court concluded that requests to revise

and discovery procedures were not applicable to the proceedings contemplated under § 52-410. Id., 349–51. According to this court, "[s]ince a proceeding under General Statutes § 52-410 does not follow the pattern of an ordinary civil action it cannot be seen as a civil action for purposes of discovery as well as for purposes of pleading. . . . The policies behind a proceeding to compel arbitration are equally frustrated by a delay due to discovery as a delay due to insistence on pleading formalities." Id., 351.

Upon our review of *Fishman*, we are not persuaded by the plaintiff's claim that his application to compel arbitration is not a civil action for the purposes of applying Practice Book § 14-3. *Fishman* does not stand for the broad proposition suggested by the plaintiff that applications to compel arbitration under § 52-410 are never treated as civil actions; rather, this court merely held that such applications are not civil actions in the context of recognizance for costs requirements, discovery requests, and requests to revise. See id., 345 ("[t]he purposes for which arbitration was created indicate that an application to compel arbitration is not a civil action *in the context of the requirements for a recognizance*" [emphasis added]); id., 351 ("a proceeding under General Statutes § 52-410 . . . cannot be seen as a civil action *for purposes of discovery as well as for purposes of pleading*" [emphasis added]); id., 344 ("[w]hat a legislature may have intended to be a civil action for some purposes may not be a civil action for others"). Furthermore, this court designated the narrow parameters of its decision by leaving open the question of whether § 52-410 deprives a party of the right to file a motion to dismiss or to strike an application to compel arbitration. Id., 349. The plaintiff reads *Fishman* too broadly when he cites the case to assert that his application to compel arbitration cannot be considered to be a civil action subject to dismissal pursuant to Practice Book § 14-3.

Following our examination of the nature and purpose of § 52-410, we conclude that the plaintiff's application to compel arbitration is a civil action for the purposes of dismissal pursuant to Practice Book § 14-3. The primary purpose of § 52-410 is to permit a court to decide whether to compel arbitration without unnecessary delays. *Fishman* v. *Middlesex Mutual Assurance Co.*, supra, 4 Conn. App. 345, 351. In stark contrast to recognizance for costs, discovery, and pleading requirements, a motion to dismiss for failure to prosecute an application to compel arbitration with reasonable diligence supports this purpose. Practice Book § 14-3 is intended to "ensure the proper movement of cases and to prevent a backlog of the docket." *Fuller* v. *Commissioner of Correction*, 75 Conn. App. 814, 818, 817 A.2d 1274, cert. denied, 263 Conn. 926, 823 A.2d 1217 (2003). A party or court that in good faith raises the issue of a plaintiff's failure to prosecute an application to compel arbitration

is attempting to counter an existing, unreasonable delay rather than cause a delay.

Furthermore, "[o]ur judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system." (Internal quotation marks omitted.) *Gionfrido* v. *Wharf Realty, Inc.*, 193 Conn. 28, 32–33, 474 A.2d 787 (1984). "The trial court has a responsibility to avoid unnecessary interruptions, to maintain the orderly procedure of the court docket, and to prevent any interference with the fair administration of justice. . . . In addition, matters involving judicial economy, docket management [and control of] courtroom proceedings . . . are particularly within the province of a trial court." (Internal quotation marks omitted.) *Lake Road Trust Ltd.* v. *ABB Powertech (Pty) Ltd.*, 136 Conn. App. 671, 682, 51 A.3d 1109 (2012). Prohibiting a trial court or a party from invoking Practice Book § 14-3 in this instance would create the potential for applications to compel arbitration commenced under § 52-410, which mandates that applications be disposed of "with the least possible delay," to sit idly on court dockets for indefinite periods of time. Such an unreasonable result supports our conclusion that Practice Book § 14-3 applies to actions brought under § 52-410. Otherwise, an applicant's delay would "obstruct the legislative intent behind General Statutes § 52-410." *Fishman* v. *Middlesex Mutual Assurance Co.*, supra, 4 Conn. App. 346.

Finally, our Supreme Court has signaled that applications to compel arbitration may be dismissed for failure to prosecute with reasonable diligence. In *A. Sangivanni & Sons* v. *F. M. Floryan & Co.*, 158 Conn. 467, 262 A.2d 159 (1969), the plaintiff filed an application to compel arbitration under § 52-410 in May, 1960. Id., 468. The defendants filed an answer, which they amended for an eighth time on October 25, 1960. Id., 470–71. The plaintiff failed to file a responsive pleading to the defendants' amended answer for nearly seven years. Id., 475. As a result, the defendants amended their answer on August 28, 1967, to include a special defense of laches, arguing that they had been prejudiced by the plaintiff's failure to prosecute the application. Id., 474. Although the court ultimately rejected the defendants' laches defense, it noted that the defendants properly could have submitted a motion for a nonsuit or default for the plaintiff's failure to file a responsive pleading within fifteen days of the defendants' amended answer that was filed on October 25, 1960. Id., 475. According to the court, a motion for a nonsuit or default constituted "an adequate procedural remedy . . . which could have been promptly invoked by [the defendants] for any failure of the plaintiff diligently to prosecute [his] case after instituting suit . . . ." (Citations omitted.) Id., 475–76. Therefore, *A. Sangivanni & Sons* further supports our conclusion that applications to compel arbitration are subject to the invocation by

defendants of procedural remedies, including dismissal, to address a plaintiff's failure to prosecute with reasonable diligence.

For the foregoing reasons, we hold that the court had the authority to dismiss the plaintiff's application to compel arbitration pursuant to Practice Book § 14-3.

## II

In the alternative, the plaintiff claims that the court erred in granting the defendants' motion to dismiss because he did not fail to prosecute with reasonable diligence in violation of Practice Book § 14-3. We disagree.

Practice Book § 14-3 (a) permits a trial court to dismiss an action with costs if a party fails to prosecute the action with reasonable diligence. "The ultimate determination regarding a motion to dismiss for lack of diligence is within the sound discretion of the court." *Nickerson* v. *Gachim*, 183 Conn. 413, 415, 439 A.2d 379 (1981), overruled in part on other grounds by *Morelli* v. *Manpower, Inc.*, 226 Conn. 831, 834, 628 A.2d 1311 (1993). "Under [§ 14-3], the trial court is confronted with endless gradations of diligence, and in its sound discretion, the court must determine whether the party's diligence falls within the 'reasonable' section of the diligence spectrum." *Jaconski* v. *AMF, Inc.*, 208 Conn. 230, 234, 543 A.2d 728 (1988). Courts must remain mindful, however, that "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible"; *Snow* v. *Calise*, 174 Conn. 567, 574, 392 A.2d 440 (1978); and that "[o]ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 16, 776 A.2d 1115 (2001).

We review the trial court's decision for abuse of discretion. *Gionfrido* v. *Wharf Realty, Inc.*, supra, 193 Conn. 34; *Nickerson* v. *Gachim*, supra, 183 Conn. 415. "In determining whether a trial court abused its discretion, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . The trial court's discretion imports something more than leeway in decision making and should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice." (Internal quotation marks omitted.) *Przekopski* v. *Zoning Board of Appeals*, 131 Conn. App. 178, 192–93, 26 A.3d 657, cert. denied, 302 Conn. 946, 30 A.3d 1 (2011).

A trial court properly exercises its discretion to dis-

miss for failure to prosecute "if the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute . . . ." *Nickerson* v. *Gachim*, supra, 183 Conn. 415; see, e.g., id., 414–15 (no abuse of discretion when trial court dismissed case after two years of inactivity, numerous appearances of case on trial list, and party's failure to answer call regarding case on dormancy list); see also *Gionfrido* v. *Wharf Realty, Inc.*, supra, 193 Conn. 31, 34 (no abuse of discretion when trial court dismissed case following party's failure to return to court following recess); *Kalb* v. *Aventis Cropscience, USA, Inc.*, 144 Conn. App. 600, 604, 74 A.3d 470 (2013) (no abuse of discretion when trial court determined plaintiff lacked diligence on ground that, inter alia, plaintiff took no action in case for three and one-half years), cert. denied, 310 Conn. 932, 78 A.3d 858 (2013); *Pereira* v. *Blau*, 2 Conn. App. 377, 378–79, 478 A.2d 1044 (1984) (affirming dismissal and denial of motion to open judgment for failure to prosecute where counsel failed to appear at final jury assignment list), cert. denied, 194 Conn. 810, 484 A.2d 943 (1984).

Here, on the basis of the record before the trial court, we conclude that the court did not abuse its discretion in determining that the plaintiff failed to prosecute with reasonable diligence. The record indicates minimal activity by the plaintiff from the time the court marked off the August 11, 2008 hearing until the filing of the plaintiff's certificate of closed pleadings on April 27, 2012. In a letter dated November 25, 2008, the defendants' counsel asked the plaintiff's counsel to clarify claims presented by the plaintiff in a prior letter.[7] The record contains no evidence of any response by the plaintiff to that inquiry. On July 7, 2009, the plaintiff filed a form to reclaim his application on the court's short calendar list. Although the court apparently did not put the matter on its short calendar list, there is no evidence that the plaintiff formally inquired regarding the status of the matter or filed another reclaim of the matter at any point thereafter.[8] More than one year later on July 30, 2010, the plaintiff filed his motion for default for failure to appear, leading the defendants' counsel to file an appearance. Nearly two additional years passed with no activity by the plaintiff before the court sent a notice to the parties scheduling a status conference, which ultimately led to the defendants' motion to dismiss. These lengthy periods of inactivity by the plaintiff constituted sufficient grounds for the trial court to determine that the plaintiff had failed to prosecute his action with reasonable diligence.[9]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Sail the Sounds, LLC, James Scoggins, and Teresa Scoggins were the named defendants in the initial action. Teresa Scoggins died on February 13, 2013, and no motion to substitute the executor or administrator of her

estate has been filed. In this opinion, we refer to Sail the Sounds, LLC, and James Scoggins as the defendants.

[2] The defendants have not filed a brief in this court and did not appear at oral argument before this court. Accordingly, we consider the appeal solely on the basis of the plaintiff's brief, the plaintiff's presentation during oral argument before this court, and the record.

[3] The defendants' counsel has represented to this court that Sail the Sounds, LLC, is no longer operational and has no assets.

[4] General Statutes § 52-410 provides in relevant part: "(a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. The application shall be by writ of summons and complaint, served in the manner provided by law. . . .

"(c) The parties shall be considered as at issue on the allegations of the complaint unless the defendant files answer thereto within five days from the return day, and the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay, and shall either grant the order or deny the application, according to the rights of the parties."

[5] The court initially scheduled the hearing on the application for July 28, 2008, but marked it off until August 11, 2008, because the defendants' counsel failed to appear at the scheduled hearing. Subsequently, the defendants asked the plaintiff to request that the court mark off the August 11 hearing. The court then marked off the August 11 hearing at the plaintiff's request.

[6] Practice Book § 14-3 (a) provides in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs. . . ."

[7] In the November 25, 2008 letter, the defendants' counsel further noted that James Scoggins would be out of the country for the following six months. The defendants' counsel asked the plaintiff's counsel to supply the requested clarification and that he would "endeavor to transmit anything [the plaintiff's counsel] provide[d] to [James Scoggins]."

[8] At oral argument before this court, the plaintiff's counsel stated that she had spoken orally with the trial court's clerk regarding her attempt to reclaim the matter at some point in time. The plaintiff's counsel conceded, however, that she had not filed any additional reclaims with the court.

[9] Although the trial court did not explicitly mention prejudice in its decision, the defendants claimed in their motion to dismiss that they were prejudiced by the plaintiff's failure to prosecute with reasonable diligence. See *Kalb* v. *Aventis Cropscience, USA, Inc.*, supra, 144 Conn. App. 604 (affirming denial of motion to open judgment where plaintiff's lack of diligence prejudiced defendants and no good and compelling reason justified opening judgment). In their motion to dismiss, the defendants claimed that the business records kept by Sail the Sounds, LLC, from 1998 to 2000 were no longer available, and that James Scoggins and Teresa Scoggins had moved multiple times across various states and lost various records over the past decade.